2011 ND 94

**Richard D. SPRATT, Plaintiff and Appellant**

v.

**MDU RESOURCES GROUP, INC., dba Montana–Dakota Utilities, Co., Defendant and Appellee.**

**No. 20100266.**

Supreme Court of North Dakota.

May 18, 2011.

Richard H. McGee, II (argued) and Katy Marie Schaefer (appeared), P.O. Box 998, Minot, N.D. 58702–0998, for plaintiff and appellant.

Rebecca S. Thiem (argued) and James S. Hill (appeared), P.O. Box 1695, Bismarck, N.D. 58502–1695, for defendant and appellee.

CROTHERS, Justice.

[¶ 1] Richard Spratt appealed from a district court summary judgment dismissing his age discrimination claim against MDU Resources Group, Inc. ("MDU"). We affirm, concluding Spratt cannot raise new legal theories on appeal and the district court did not err in determining Spratt had failed to raise a genuine issue of material fact that other employees not in the protected class were treated more favorably.

I

[¶ 2] In 2001, Spratt was hired as the vice president of human resources for Montana–Dakota Utilities Co., a division of MDU. Spratt claims that in 2007 the president and chief executive officer of Montana–Dakota Utilities, Bruce Imsdahl, told him two high-ranking executives at MDU, Terry Hildestad and Mark Del Vecchio, were "out to get" Spratt and he needed to "watch [his] step with Mark and Terry." Spratt further claims that when he asked Imsdahl why they were out to get him, Imsdahl responded he thought it was because of "these fights that you're fighting ... with corporate" and because "[y]ou're too old and you make too much money."

Spratt further contends Imsdahl reassured him he did not need to address the issue with Hildestad and Del Vecchio because "[y]ou're all right as long as I'm here."

[¶ 3] In March 2008, David Goodin replaced Imsdahl as president of Montana–Dakota Utilities. On April 2, 2008, Goodin advised Spratt that his position was being eliminated as a result of a reorganization of the human resources function at MDU. Spratt was offered the option of resigning and receiving a severance package. He refused and was terminated effective April 3, 2008, at age fifty-nine.

[¶ 4] MDU contends elimination of Spratt's position was part of a comprehensive reorganization of the human resources function at MDU. MDU argues that although Spratt's was the first position eliminated, two human resources positions at another MDU division were eliminated within one month of Spratt's termination and the position of vice president of human resources at another MDU division was eliminated in 2009. MDU claims 200 positions were ultimately eliminated through reductions-in-force or realignment of positions.

[¶ 5] Spratt brought this action against MDU, alleging he was wrongfully terminated based upon his age in violation of the North Dakota Human Rights Act, N.D.C.C. ch. 14–02.4. MDU moved for summary judgment, alleging Spratt could not meet his burden of establishing a prima facie case of age discrimination under the modified *McDonnell Douglas* burden-shifting formula previously adopted by this Court. The district court granted summary judgment dismissing Spratt's claim, concluding Spratt failed to raise a genuine issue of material fact whether he had been treated less favorably than other employees not in the protected class.

## II

[¶ 6] "Summary judgment … is 'a procedural device for promptly resolving a controversy on the merits without a trial if [there are no genuine issues of] material facts or the inferences to be drawn from the undisputed facts, or if resolving disputed facts would not alter the result.' " *Great W. Bank v. Willmar Poultry Co.*, 2010 ND 50, ¶ 5, 780 N.W.2d 437 (quoting *Farmers Union Mut. Ins. Co. v. Associated Elec. and Gas Ins. Servs. Ltd.*, 2007 ND 135, ¶ 7, 737 N.W.2d 253); *Markwed Excavating, Inc. v. City of Mandan*, 2010 ND 220, ¶ 10, 791 N.W.2d 22. " 'In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record.' " *Markwed Excavating*, at ¶ 10 (quoting *Lucas v. Riverside Park Condos. Unit Owners Ass'n*, 2009 ND 217, ¶ 16, 776 N.W.2d 801). " 'Whether summary judgment was properly granted is a question of law that this Court reviews de novo on the entire record.' " *Great W. Bank*, at ¶ 5 (quoting *Schleuter v. Northern Plains Ins. Co.*, 2009 ND 171, ¶ 6, 772 N.W.2d 879).

[¶ 7] "A party resisting a [properly supported] motion for summary judgment may not simply rely upon the pleadings or upon unsupported, conclusory allegations," but "must set forth specific facts by presenting competent, admissible evidence, whether by affidavit or by directing the court to relevant evidence in the record, demonstrating a genuine issue of material fact." *Tarnavsky v. Rankin*, 2009 ND 149, ¶ 8, 771 N.W.2d 578. " '[T]he court has no duty to scour the record for evidence that would preclude summary judgment.' " *Id.* at ¶ 8 (quoting *Riemers v. City of Grand Forks*, 2006 ND

224, ¶ 7, 723 N.W.2d 518). The party opposing the motion has the responsibility to draw " 'the court's attention to evidence in the record by setting out the page and line in depositions or other comparable documents containing testimony or evidence raising a material factual issue or from which the court may draw an inference creating a material factual issue.' " *Tarnavsky*, at ¶ 8 (quoting *Earnest v. Garcia*, 1999 ND 196, ¶ 10, 601 N.W.2d 260); *Buchholz v. Barnes Cnty. Water Bd.*, 2008 ND 158, ¶ 16, 755 N.W.2d 472; *Riemers v. Mahar*, 2008 ND 95, ¶ 11, 748 N.W.2d 714. The party opposing summary judgment " 'must also explain the connection between the factual assertions and the legal theories in the case, and cannot leave to the court the chore of divining what facts are relevant or why facts are relevant, let alone material, to the claim for relief.' " *Tarnavsky*, at ¶ 8 (quoting *Peterson v. Zerr*, 477 N.W.2d 230, 234 (N.D.1991)); *see also Buchholz*, at ¶ 16; *Riemers*, 2008 ND 95, ¶ 11, 748 N.W.2d 714.

### III

[¶ 8] Spratt contends the district court erred in ignoring direct evidence of age discrimination and in concluding he failed to raise a genuine issue of material fact that other employees not in the protected class were treated more favorably.

### A

[¶ 9] Under the North Dakota Human Rights Act, it is an unlawful discriminatory practice to discharge an employee because of age, and "age" is defined as "at least forty years of age." N.D.C.C. §§ 14–02.4–02(1) and 14–02.4–03. The Human Rights Act authorizes a person claiming to be aggrieved by an unlawful discriminatory practice to bring an action for damages in the district court. N.D.C.C. § 14–02.4–19(2); *Koehler v. County of Grand Forks*, 2003 ND 44, ¶ 12, 658 N.W.2d 741.

[¶ 10] In analyzing discrimination claims under the Human Rights Act, this Court has adopted a modified version of the federal *McDonnell Douglas* formula, which creates a presumption and a shifting burden of proof in employment discrimination cases. *See Schweigert v. Provident Life Ins. Co.*, 503 N.W.2d 225, 227–29 (N.D.1993). *See generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). This Court has explained the application of the modified formula:

" '[U]nder our modification of the *McDonnell Douglas/Burdine* framework . . . the plaintiff has the initial burden of proving by a preponderance of the evidence a prima facie case of discrimination. Establishment of the prima facie case creates a presumption that the employer unlawfully discriminated against the plaintiff. If the plaintiff meets his or her burden of persuasion, and succeeds in establishing the presumption, then, under Rule 301, NDREvid, the burden of persuasion shifts to the employer to rebut the presumption of discrimination by proving by a preponderance of the evidence that its action was motivated by one or more legitimate, nondiscriminatory reasons. If the employer fails to persuade the trier of fact that the challenged action was motivated by legitimate, nondiscriminatory reasons, the plaintiff prevails. If, however, the employer persuades the fact finder that its reasons were nondiscriminatory, the employer prevails.' "

*Heng v. Rotech Med. Corp.*, 2004 ND 204, ¶ 36, 688 N.W.2d 389 (quoting *Engel v. Montana Dakota Utils.*, 1999 ND 111, ¶ 8, 595 N.W.2d 319); *see also Zimmerman v. Minot Pub. Sch. Dist. No. 1*, 1998 ND 14, ¶ 10, 574 N.W.2d 797; *Schweigert*, at 229.

[¶ 11] The modified *McDonnell Douglas* formula only applies, however, when the plaintiff is relying upon indirect evidence, and the resulting evidentiary presumption, to establish unlawful discrimination. *See Schuhmacher v. North Dakota Hosp. Ass'n*, 528 N.W.2d 374, 377–78, 380 (N.D.1995). The purpose of the modified *McDonnell Douglas* test is to assure that the " 'plaintiff [has] his day in court despite the unavailability of direct evidence.' " *Schweigert*, 503 N.W.2d at 230 (quoting *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985)). If the plaintiff presents explicit, direct evidence of discrimination—the proverbial "smoking gun" of discrimination, *see Schweigert*, at 230—there is no need to employ the presumption available under the modified *McDonnell Douglas* test. Therefore, " '[t]he *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination.' " *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Trans World Airlines*, 469 U.S. at 121, 105 S.Ct. 613).

### B

[¶ 12] Spratt first contends he presented direct evidence of age discrimination through his deposition testimony that Imsdahl told him MDU executives were "out to get" him because he was "too old" and made "too much money." He argues the district court erred when it ignored this direct evidence of discrimination.

[¶ 13] Spratt did not, however, argue to the district court that direct evidence of discrimination existed, nor did he rely upon Imsdahl's alleged statements to support his argument against summary judgment in either his trial court brief or at the hearing on the motion for summary judgment. The party opposing summary judgment must " 'explain the connection between the factual assertions and the legal theories in the case, and cannot leave to the court the chore of divining what facts are relevant or why facts are relevant, let alone material, to the claim for relief.' " *Tarnavsky*, 2009 ND 149, ¶ 8, 771 N.W.2d 578 (quoting *Peterson*, 477 N.W.2d at 234). Spratt's response to the motion for summary judgment did not raise a "direct evidence" theory or argue that Imsdahl's alleged statements raised a genuine issue of material fact.

[¶ 14] " 'The purpose of an appeal is to review the actions of the trial court, not to grant the appellant an opportunity to develop and expound upon new strategies or theories.' " *Beeter v. Sawyer Disposal LLC*, 2009 ND 153, ¶ 20, 771 N.W.2d 282 (quoting *Heng v. Rotech Med. Corp.*, 2006 ND 176, ¶ 9, 720 N.W.2d 54). "The requirement that a party 'first present an issue to the trial court, as a precondition to raising it on appeal, gives that court a meaningful opportunity to make a correct decision, contributes valuable input to the process, and develops the record for effective review of the decision.' " *Beeter*, at ¶ 20 (quoting *State v. Smestad*, 2004 ND 140, ¶ 18, 681 N.W.2d 811). " 'It is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider.' " *Davis v. Enget*, 2010 ND 34, ¶ 10, 779 N.W.2d 126 (quoting *Messer v. Bender*, 1997 ND 103, ¶ 10, 564 N.W.2d 291). Accordingly, "issues or contentions not raised . . . in the district court cannot be raised for the first time on appeal." *Beeter*, at ¶ 20. Because Spratt did not argue to the district court that Imsdahl's alleged statements constituted direct evidence of discrimination or otherwise raised a genuine

issue of material fact, we will not consider those arguments on appeal.

## C

[¶ 15] Spratt contends the district court erred in concluding he failed to raise a genuine issue of material fact that other employees not in the protected class were treated more favorably.

[¶ 16] This Court has outlined the necessary elements of the plaintiff's initial burden of demonstrating a prima facie case under the modified *McDonnell Douglas* test:

> "To establish a prima facie case of discrimination under the North Dakota Human Rights Act, a plaintiff must prove: (1) membership in a protected class under the Act; (2) satisfactory performance of the duties of the position; (3) an adverse employment decision; and (4) others not in the protected class were treated more favorably."

*Jacob v. Nodak Mut. Ins. Co.*, 2005 ND 56, ¶ 13, 693 N.W.2d 604; *see also Koehler*, 2003 ND 44, ¶ 13, 658 N.W.2d 741. For purposes of its summary judgment motion, MDU did not dispute Spratt was over forty, had satisfactorily performed his job, and had suffered an adverse employment decision. The only dispute is whether Spratt raised a genuine issue of material fact on the fourth element, whether others not in the protected class were treated more favorably.

[¶ 17] In opposing the motion for summary judgment, Spratt argued that at the time his position was eliminated, he was singled out and was the only employee terminated, and that other employees under age forty were not terminated. He argues those employees not in the protected class were therefore treated more favorably because they were allowed to keep their jobs.

[¶ 18] Carried to its logical conclusion, Spratt's argument would mean that any time an employee over age forty was the only person terminated, a prima facie case would be established and the resulting presumption of discrimination would arise. This Court has stressed, however, that "age alone, without other evidence, is insufficient to survive a motion for summary judgment in an age discrimination case." *Jacob*, 2005 ND 56, ¶ 14, 693 N.W.2d 604. As the Court has explained:

> " 'The North Dakota Human Rights Act does not prohibit discharging employees who are over forty years old. It prohibits discharging employees over age forty *because of their age*.' "

*Jacob*, at ¶ 14 (quoting *Schuhmacher*, 528 N.W.2d at 381). The mere fact Spratt may have been "singled out" as the only employee to be terminated and that all other employees, including those under age forty, retained their jobs adds nothing to the analysis. Although the burden of establishing a prima facie case is not onerous, some showing beyond the mere fact that the terminated employee was over age forty must exist. *Jacob*, at ¶¶ 13–14.

[¶ 19] We conclude the district court did not err in determining that Spratt failed to raise a genuine issue of material fact that other employees not in the protected class were treated more favorably and that summary judgment was appropriate.

## IV

[¶ 20] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit. The summary judgment dismissing Spratt's action is affirmed.

[¶ 21]   CAROL RONNING KAPSNER, Acting C.J., ALLAN L. SCHMALENBERGER, S.J., GARY H. LEE, D.J., and DANIEL D. NARUM, D.J., concur.

[¶ 22]   The Honorable DANIEL D. NARUM, D.J., the Honorable GARY H. LEE, D.J., and the Honorable ALLAN L. SCHMALENBERGER, S.J., sitting in place of SANDSTROM, J., MARING, J., and VANDE WALLE, C.J., disqualified.