2013 ND 146

**In the Interest of Jeremy Tim JOHNSON,**

**Christine A. Reierson Assistant State's Attorney, Petitioner and Appellee,**

v.

**Jeremy Tim Johnson, Respondent and Appellant.**

**No. 20120364.**

Supreme Court of North Dakota.

Aug. 29, 2013.

Christene Ann Reierson, Assistant State's Attorney, Minot, ND, for petitioner and appellee.

Ryan David Sandberg, Minot, ND, for respondent and appellant.

CROTHERS, Justice.

[¶ 1] Jeremy Tim Johnson appeals a district court order committing him to the custody of the Department of Human Services as a sexually dangerous individual. Johnson argues the district court clearly erred by finding he has a congenital or acquired disorder manifested as a sexual disorder or dysfunction. We affirm.

I

[¶ 2] On January 13, 2012, the State petitioned for commitment of Johnson as a sexually dangerous individual under N.D.C.C. ch. 25–03.3. The State alleged Johnson, born in 1974, engaged in sexually predatory conduct based on four incidents. On August 25, 1998, Johnson pled guilty to corruption of a minor, a class A misdemeanor, involving sexual contact between Johnson and a victim under fifteen years old and a sexual act with a fifteen-year-old victim. In May 2003, Johnson was charged with corruption or solicitation of a minor, a class C felony, involving a sexual act between Johnson and a sixteen-year-old victim. The matter was dismissed under a plea agreement in which Johnson pled guilty to harboring a runaway, a class A misdemeanor, involving Johnson hiding a sixteen-year-old girl who ran away from home. On November 26, 2008, Johnson pled guilty to sexual assault, a class C felony, involving a sexual act between Johnson and a sixteen-year-old victim.

[¶ 3] The district court held a hearing on August 21, 2012. Dr. Jennifer Krance, a forensic psychologist, testified as an expert witness for the State. Dr. Krance diagnosed Johnson with "Paraphilia, Not Otherwise Specified—Hebephilia, Non-exclusive Type," antisocial personality disorder and alcohol abuse. She concluded that Johnson has a congenital or acquired condition manifested by a sexual disorder, a personality disorder or other mental disorder or dysfunction, that Johnson is likely to engage in further acts of sexually predatory misconduct and, therefore, that Johnson is a sexually dangerous individual. Dr. Joseph J. Plaud, a licensed psychologist and forensic examiner, was appointed as Johnson's independent expert and testified at the hearing. Dr. Plaud testified Johnson is not a sexually dangerous individual because Johnson does not have a sexual disorder, personality disorder or other mental disorder or dysfunction and Dr. Krance's diagnosis was incorrect.

[¶ 4] The district court found by clear and convincing evidence that Johnson met the statutory definition of a sexually dangerous individual because Johnson engaged in sexual predatory conduct, has a congenital or acquired disorder manifested by a sexual disorder or dysfunction and is likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others. Johnson appeals, arguing the district court erred by determining clear and convincing evidence established he has a congenital or acquired condition manifested by a sexual disorder or dysfunction.

II

[¶ 5] Our standard of review for civil commitment of a sexually dangerous individual is well-established:

"We review civil commitments of sexually dangerous individuals under a modified clearly erroneous standard in which we will affirm a district court's order 'unless it is induced by an erroneous view of the law or we are firmly convinced the order is not supported by clear and convincing evidence.'"

*In re Rubey*, 2011 ND 165, ¶ 5, 801 N.W.2d 702 (quotation omitted). "The State must prove that the respondent is a sexually dangerous individual by clear and convincing evidence." *Id.*

"An individual may not be committed unless expert evidence is admitted establishing that the individual has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction that makes that individual likely to engage in further acts of sexually predatory conduct."

N.D.C.C. § 25–03.3–13. "The phrase 'likely to engage in further acts of sexually predatory conduct' means the individual's propensity towards sexual violence is of such a degree as to pose a threat to others." *Rubey*, at ¶ 5 (quotation omitted). "Substantive due process requires proof that the individual facing commitment has serious difficulty controlling his behavior." *Id.*

### III

### A

[¶ 6] Johnson argues the district court erred by concluding clear and convincing evidence established he has a congenital or acquired condition manifested by a sexual disorder or dysfunction. He argues hebephilia is not a sexual or mental disorder and, even if it is, its elements were not met by his conduct. Johnson's argument is based upon his expert's testimony and report, which he argues establish he does not have a sexual disorder or dysfunction. The district court recognized

Dr. Krance's and Dr. Plaud's opinions were irreconcilable. The district court noted the difference in the opinions, explaining, "Doctor Krance conducted her evaluation in an effort to determine whether Johnson is a sexually dangerous individual as defined by statute. Doctor Plaud's opinion appears to be more in the nature of an attack and critique on the work of Doctor Krance." The district court concluded Dr. Krance's method of focusing on Johnson and his background, as opposed to Dr. Plaud's critique of Dr. Krance's work, was more persuasive. The court found, "When contrasting and comparing the two reports, the Court finds that Doctor Krance's opinion is more credible and more reliable."

[¶ 7] "The district court is the best credibility evaluator in cases of conflicting testimony, and we will not second-guess the district court's credibility determinations." *In re J.G.*, 2013 ND 26, ¶ 15, 827 N.W.2d 341 (quotation omitted) (holding district court did not clearly err by denying respondent's petition for discharge after finding State's expert more credible); *see In re Hanenberg*, 2010 ND 8, ¶¶ 17–18, 777 N.W.2d 62 (holding district court did not clearly err by finding respondent had serious difficulty controlling his behavior where two experts disagreed on the issue). The district court concluded Dr. Krance's opinion was more credible than Dr. Plaud's, which is reflected in the district court's determination that Johnson is a sexually dangerous individual. We will not second-guess the district court's credibility determination. *In re J.G.*, at ¶ 15.

[¶ 8] The district court's conclusion Johnson is a sexually dangerous individual is supported by the record, specifically Dr. Krance's testimony and the "Sexually Dangerous Individual Evaluation" ("SDI evaluation") of Johnson, which was admitted

into evidence. Dr. Krance's diagnosis was based on her review of Johnson's records as well as the interview she conducted with Johnson. The district court's conclusion Johnson has a congenital or acquired disorder manifested by a sexual disorder or dysfunction is not clearly erroneous because it is established in the expert's report and the testimony in the record. *In re J.G.*, 2013 ND 26, ¶ 15, 827 N.W.2d 341. The district court did not clearly err when it found by clear and convincing evidence that Johnson is a sexually dangerous individual.

### B

[¶ 9] Johnson argues the district court gave undue weight to the fact Dr. Krance's report was peer reviewed by her colleagues at the North Dakota State Hospital. Dr. Krance testified her SDI evaluation was subject to a peer review process by the hospital's other forensic psychologists, clinical director and administrator. She testified she did not receive any negative feedback from the peer review nor did the peer review reveal any discrepancies or problems. The district court stated, "The peer review of Doctor Krance's opinion adds to the weight and credibility of that opinion." Johnson did not object to the line of questioning during the hearing nor did he raise this argument below.

[¶ 10] "The purpose of an appeal is to review the actions of the trial court, not to grant the appellant an opportunity to develop and expound upon new strategies or theories." *Spratt v. MDU Resources Group, Inc.*, 2011 ND 94, ¶ 14, 797 N.W.2d 328 (quotations omitted). "The requirement that a party 'first present an issue to the trial court, as a precondition to raising it on appeal, gives that court a meaningful opportunity to make a correct decision, contributes valuable input to the process, and develops the record for effective review of the decision.'" *Id.* (quotation omitted). "Accordingly, 'issues or contentions not raised ... in the district court cannot be raised for the first time on appeal.'" *Id.* (quotation omitted). "A party may waive an objection by failing to object to the admission or exclusion of testimony." *Leno v. K & L Homes, Inc.*, 2011 ND 171, ¶ 25, 803 N.W.2d 543. Johnson's failure to object to Dr. Krance's testimony regarding the peer review of the SDI evaluation constitutes a waiver, and Johnson cannot now challenge the admission of the evidence on appeal.

### IV

[¶ 11] We affirm the district court order.

[¶ 12] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.