2014 ND 103

**Troy LEHMAN, Petitioner
and Appellant**

v.

**STATE of North Dakota, Respondent
and Appellee.**

No. 20130295.

Supreme Court of North Dakota.

May 28, 2014.

Russell J. Myhre, Valley City, ND, for petitioner and appellant; submitted on brief.

Ryan J. Younggren, Assistant State's Attorney, Fargo, ND, for respondent and appellee; submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1] Troy Lehman appealed from a district court order dismissing his application for post-conviction relief. We affirm, concluding the district court did not err in summarily dismissing Lehman's petition for post-conviction relief.

I

[¶ 2] In 2009, a jury found Lehman guilty of kidnapping and terrorizing. Lehman was sentenced to ten years in the custody of the Department of Corrections for the kidnapping charge and five years for the terrorizing charge, with the sentences to be served concurrently. On July 13, 2010, this Court affirmed the conviction in *State v. Lehman*, 2010 ND 134, 785 N.W.2d 204. Lehman filed an application for post-conviction relief. Lehman alleged, among other things, that his trial counsel was ineffective for numerous reasons including: (1) he did not subpoena all the witnesses Lehman requested; (2) he failed to impeach several witnesses including Daniel Flyinghawk, Patty LeCroix,

and Camille Lorenzen; (3) he failed to demand a mistrial; (4) his closing statement was unrelated to the case; and (5) he failed to inform Lehman that not testifying would hinder the appeals process. After a hearing, the district court denied the petition. Lehman appealed. On December 13, 2011, this Court affirmed the district court's order dismissing the application in *Lehman v. State*, 2011 ND 225, 806 N.W.2d 438.

[¶ 3] Effective August 1, 2013, N.D.C.C. § 29–32.1–01(2) was amended and reenacted to create a statute akin to a statute of limitations requiring applications for post-conviction relief to be filed within two years following a conviction. 2013 N.D. Sess. Laws ch. 248, § 1. Section 29–32.1–09, N.D.C.C., was also amended and reenacted on August 1, 2013, to allow courts to deny a second application for similar relief, or deny any application when the issues raised have been previously decided by the appellate court in the same case. 2013 N.D. Sess. Laws ch. 248, § 2. On August 2, 2013, one day after the enactment of N.D.C.C. §§ 29–32.1–01(2), and 29–32.1–09(1) and (2), Lehman filed his second application for post-conviction relief, claiming he received ineffective assistance of counsel at the first post-conviction relief hearing. Lehman argued, among other things, that his post-conviction counsel provided ineffective assistance because he failed to: (1) conduct a proper investigation; (2) produce exculpatory evidence; (3) depose key witnesses including LeCroix and Lorenzen; and (4) investigate whether trial counsel prepared for cross-examination. The State filed a motion for summary disposition of the application. The district court dismissed the application for post-conviction relief without a hearing.

## II

[¶ 4] "Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Kinsella v. State*, 2013 ND 238, ¶ 4, 840 N.W.2d 625. "A district court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Waslaski v. State*, 2013 ND 56, ¶ 7, 828 N.W.2d 787. "Questions of law are fully reviewable on appeal of a post-conviction proceeding." *Haag v. State*, 2012 ND 241, ¶ 4, 823 N.W.2d 749.

[¶ 5] "We review an appeal from a summary denial of post-conviction relief as we review an appeal from a summary judgment." *Waslaski*, 2013 ND 56, ¶ 7, 828 N.W.2d 787. "The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact." *Parizek v. State*, 2006 ND 61, ¶ 4, 711 N.W.2d 178. Once the moving party has established there is no genuine issue of fact, the burden shifts to the nonmoving party to show a genuine issue of fact exists. *Clark v. State*, 1999 ND 78, ¶ 5, 593 N.W.2d 329. The party resisting the motion cannot merely rely on the pleadings or unsupported conclusory allegations; rather the party must present competent admissible evidence by affidavit or other comparable means. *Id.* "A trial court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless they are clearly erroneous under N.D.R.Civ.P. 52(a)." *Wright v. State*, 2005 ND 217, ¶ 9, 707 N.W.2d 242.

## III

[¶ 6] On appeal, Lehman argues the district court abused its discretion in summarily dismissing his application for post-

conviction relief on statutory grounds which became effective on August 1, 2013. The newly enacted post-conviction statute limiting actions states:

> Except as provided in subsection 3, an application for relief under this chapter must be filed within two years of the date the conviction becomes final. A conviction becomes final for purposes of this chapter when:
>
> a. The time for appeal of the conviction to the North Dakota supreme court expires;
>
> b. If an appeal was taken to the North Dakota supreme court, the time for petitioning the United States supreme court for review expires; or
>
> c. If review was sought in the United States supreme court, the date the supreme court issues a final order in the case.

N.D.C.C. § 29–32.1–01(2). A court may still consider an application for post-conviction relief filed after the two-year statute of limitations if one of the following exceptions applies:

> (1) The petition alleges the existence of newly discovered evidence, including DNA evidence, which if proved and reviewed in light of the evidence as a whole, would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted;
>
> (2) The petitioner establishes that the petitioner suffered from a physical disability or mental disease that precluded timely assertion of the application for relief; or
>
> (3) The petitioner asserts a new interpretation of federal or state constitutional or statutory law by either the United States supreme court or a North Dakota appellate court and the petitioner estab-

lishes that the interpretation is retroactively applicable to the petitioner's case. N.D.C.C. § 29–32.1–01(3).

[¶ 7] Lehman contends the district court did not rely upon the newly enacted two-year statute of limitations as rationale for dismissing his application. Lehman argues the court focused its ruling on the newly enacted amendments to N.D.C.C. § 29–32.1–09. From the face of the record, it appears Lehman did not file his application for post-conviction relief within the two year time-limit established by the newly enacted statute of limitations in N.D.C.C. § 29–32.1–01. Lehman was originally convicted of kidnapping and terrorizing in September 2009. This Court affirmed his convictions on July 13, 2010. *Lehman*, 2010 ND 134, 785 N.W.2d 204. Following this Court's affirmance, Lehman did not seek a writ of certiorari to the United States Supreme Court. N.D.C.C. § 29–32.1–01(2)(b); *see also* Sup.Ct. R. 13(1) (stating, "[u]nless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals (including the United States Court of Appeals for the Armed Forces) is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). Thus, under the post-conviction relief statute, Lehman's conviction became final on October 11, 2010, and his August 2, 2013, application could have been barred. *See Murphy v. State*, 2014 ND 84, 845 N.W.2d 327. However, the State did not raise the statute of limitations defense.

[¶ 8] A statute of limitations defense in a civil proceeding is an affirmative defense. N.D.R.Civ.P. 8(c)(1). Affirmative defenses, including statutes of limitations, are waived if not pleaded. *In Interest of K.B.*, 490 N.W.2d 715, 717 (N.D. 1992). Here, the State did not raise the

two-year statute of limitations under N.D.C.C. § 29–32.1–01(2). Consequently, the defense was waived, and we will instead address whether the district court properly denied Lehman's post-conviction application under N.D.C.C. § 29–32.1–09(1) and (2).

[¶ 9] The newly enacted amendments to N.D.C.C. § 29–32.1–09 state:

1. The court, on its own motion, may enter a judgment denying a meritless application on any and all issues raised in the application before any response by the state. The court also may summarily deny a second or successive application for similar relief on behalf of the same applicant and may summarily deny any application when the issues raised in the application have previously been decided by the appellate court in the same case.

2. The court, on its own motion, may dismiss any grounds of an application which allege ineffective assistance of postconviction counsel. An applicant may not claim constitutionally ineffective assistance of postconviction counsel in proceedings under this chapter.

Relying on these two amendments, the district court proffered two rationales for denying Lehman's application. First, the court determined that Lehman's allegations in his second application were similar to the allegations in his first petition. Second, the court determined Lehman raised a new claim in his second petition for post-conviction relief, namely that his post-conviction counsel failed to "Investigate whether the Trial Court error'd [sic] when it failed to instruct the jury to view the testimony of the Police Officers with the same credence as it would any other witnesses...." However, the court determined, "Lehman's application could have been a proper claim of ineffective assistance of post-conviction counsel prior to

August 1, 2013. However, this application was filed on August 2, 2013, and this cause of action is no longer available."

[¶ 10] Lehman argues the new amendments to the post-conviction relief statute were not applicable to his second post-conviction relief proceeding because his trial and first post-conviction relief proceeding occurred prior to the adoption of the amendments. Lehman argues the amendments are being retroactively applied to him.

■■■■■■ [¶ 11] Statutes are generally not retroactive unless the legislature expressly declares so. N.D.C.C. § 1–02–10. "A statute is applied retroactively when it is applied to a cause of action that arose prior to the effective date of the statute. A statute is applied prospectively when it is applied to a cause of action that arose subsequent to the effective date of the statute." *State v. Haverluk*, 432 N.W.2d 871, 873 (N.D.1988). "Retroactive" has also been defined as "(Of a statute, ruling, etc.) extending in scope or effect to matters that have occurred in the past." *Black's Law Dictionary* 1432 (9th ed.2009). A statute is not regarded as operating retroactively because of the mere fact that it relates to antecedent events. 73 Am. Jur. 2d *Statutes* § 235 (2014). Generally, courts "apply the law in effect at the time that it renders its decision unless doing so would result in manifest injustice, or there is statutory direction or legislative history to the contrary." *Id.*

[¶ 12] In *Glaspie*, this Court held that N.D.C.C. § 54–23.3–04(16), which authorized the Director of the Department of Corrections and Rehabilitation to collect a probation supervision fee from probationers, was not retroactively applied to individuals who were already on probation at the time the statute went into effect. *Glaspie v. Little*, 1997 ND 108, ¶ 13, 564 N.W.2d 651. The plaintiffs, two individu-

als serving probation sentences at the time the statute was enacted, commenced a class action lawsuit arguing the statute was being applied retroactively to impose new conditions of probation on them. *Id.* at ¶ 6. However, this Court noted that the collection of fees for supervision services did not apply to transactions which occurred prior to the effective date of the statute, nor did the supervision fees create a new condition of probation. *Id.* at ¶ 11. We concluded, "the collection of fees for supervision after [the effective date of] April 12, 1993, from persons on probation prior to that date does not constitute retroactive application of Section 54–23.3–04(16) in violation of Section 1–02–10." *Id.* at ¶ 13.

[¶ 13] Somewhat analogously, in *Haverluk*, 432 N.W.2d 871 (N.D.1988), this Court dealt with similar retroactive arguments in the context of a newly enacted statute providing increased penalties for repeat driving while intoxicated offenders. The defendant, Haverluk, was convicted of driving while intoxicated on two separate occasions. Following his convictions, the legislature enacted a statute which increased the penalties for repeat offenders. After the statute was enacted, Haverluk was again charged with D.W.I. and faced increased penalties stemming from his previous convictions. Haverluk argued his two previous convictions could not be retroactively applied to enhance the penalty of the subsequent charge. This Court disagreed, and concluded that the statute providing for increased penalties was not applied retroactively merely because the previous offenses occurred before the effective date of the statute, and where the current offense occurred following the enactment of the statute. *Id.* at 874.

[¶ 14] Similarly here, although the alleged ineffective assistance of postconviction counsel took place prior to the enactment of the amendments, Lehman's second application was filed after the amendments were in effect. The amendments had an enactment date of August 1, 2013. Any application following that date would have to abide by the rules that were in effect at that time. Lehman's application was submitted August 2, 2013. The amendments are applicable to his application. Additionally, there is no express intention from the legislature that N.D.C.C. § 29–32.1–09(1) and (2) are to be applied retroactively.

## IV

[¶ 15] Lehman also argues that the court erred in applying N.D.C.C. § 29–32.1–09(2). The plain language of the statute states, "An applicant may not claim constitutionally ineffective assistance of postconviction counsel in proceedings under this chapter." N.D.C.C. § 29–32.1–09(2); *see also Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (stating "There is no constitutional right to an attorney in state postconviction proceedings.").

[¶ 16] Nevertheless, Lehman contends the court erred in dismissing his petition in light of *Martinez v. Ryan*, —— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). In *Martinez*, the United States Supreme Court stated, "This opinion qualifies *Coleman* by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, —— U.S. ——, 132 S.Ct. 1309, 1315, 182 L.Ed.2d 272 (2012).

[¶ 17] The facts of *Martinez* are distinguishable from the instant case. A jury convicted Martinez of sexual contact with a minor. *Id.* at 1313. The State of Arizona appointed appellate counsel to represent

Martinez on his direct appeal. *Id.* at 1314. While Martinez's direct appeal was pending, his appellate counsel filed for post-conviction relief in a state collateral proceeding. The post-conviction relief claim did not allege ineffective assistance of trial counsel. *Id.* The trial court dismissed the post-conviction relief action. The Arizona Supreme Court denied review. Martinez filed a second petition for post-conviction relief, this time arguing his trial counsel was ineffective. The petition was dismissed, in part, based on an Arizona preclusion rule barring claims that could have been raised in previous proceedings. The Arizona Supreme Court declined review.

[¶ 18] Martinez subsequently filed a petition for a writ of habeas corpus in federal district court. The federal district court denied the petition, ruling that Arizona's preclusion rule provided adequate state law grounds to bar federal habeas review. The Ninth Circuit, relying on *Coleman,* affirmed the district court. Granting certiorari, the Supreme Court reviewed "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." *Id.* at 1315.

[¶ 19] In conducting its analysis, the Supreme Court noted that "Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Id.* at 1316. The Court stated, "These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Id.*

[¶ 20] Thus, under the doctrine of procedural default, a federal habeas court could not review a claim for ineffective assistance of counsel where the prisoner, or his attorney, did not properly raise the issue of ineffective assistance at the first post-conviction hearing, and was later precluded from raising the issue in subsequent state proceedings. As a result, in certain instances, like Martinez's, a prisoner would be foreclosed from arguing ineffective assistance of counsel in state proceedings and federal habeas proceedings if the prisoner did not properly raise the issue in the initial collateral state proceedings. Resolving the issue, the Supreme Court carved out the narrow exception to *Coleman,* holding that where, under state law, ineffective assistance of counsel claims must be raised at the initial collateral proceeding, a procedural default will not bar a federal habeas court from hearing those claims if there was no counsel or ineffective counsel at the initial collateral proceeding. *Martinez,* at 1315–20.

[¶ 21] Here, the facts are distinguishable in that Lehman did raise the issue of ineffective assistance of counsel in his first petition for post-conviction relief. Lehman also had the opportunity to appeal his ineffective assistance claim to this Court. Martinez did not raise the issue of ineffective assistance of counsel at his initial post-conviction proceeding, and would have been precluded from doing so in any subsequent state or federal proceeding. The narrow exception recognized in *Martinez* apparently is only applicable where a prisoner's first post-conviction counsel failed to adequately raise or challenge the issue of ineffective assistance of trial counsel. *See id.* at 1315. Moreover, the holding in *Martinez* is concerned with removing procedural impediments that may hinder state prisoners from filing habeas corpus petitions in federal court. The instant case

does not deal with a prisoner trying to file a habeas petition in federal court. The facts of this case only implicate North Dakota law. *Martinez* explicitly stated, "[the holding in this case] does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons." *Id.* at 1320. Given the aforementioned reasons, Lehman's reliance on *Martinez* is misplaced.

## V

[¶ 22]  We affirm the district court order dismissing Lehman's application for post-conviction relief.

[¶ 23]  DALE V. SANDSTROM, DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.