2015 ND 93

**David A. MOE, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20140185.**

Supreme Court of North Dakota.

April 28, 2015.

Charles A. Stock, Crookston, MN, for petitioner and appellant.

Dawn M. Deitz, Assistant State's Attorney, Bismarck, N.D., for respondent and appellee.

VANDE WALLE, Chief Justice.

[¶ 1]   David Moe appealed from a district court order dismissing his application for post-conviction relief.  Moe argues the district court erred in applying the statute of limitations and dismissing his application because the State waived the statute of limitations defense and a statutory ex-

ception applied to the statute of limitations.  We affirm.

I

[¶ 2]   In 2005, Moe was convicted of possession of marijuana with intent to deliver, possession with intent to manufacture psilocybin, possession of methamphetamine with intent to deliver, and two counts of possession of drug paraphernalia.

[¶ 3]   On December 11, 2013, Moe applied for post-conviction relief, arguing he received ineffective assistance of counsel; evidence was illegally seized during a search of his home, citing *Florida v. Jardines,* —— U.S. ——, 133 S.Ct. 1409, 185 L.Ed.2d 495 (2013); and there was prosecutorial misconduct.  The State moved for summary dismissal of the application under N.D.C.C. §§ 29–32.1–06(2) and 29–32.1–09(1), arguing it was evident from the application that Moe was not entitled to the requested relief, the application did not raise a genuine issue of material fact, and the State was entitled to judgment as a matter of law.

[¶ 4]   On April 15, 2014, the district court entered an order, noting that N.D.C.C. § 29–32.1–01(2) requires an application for post-conviction relief be filed within two years of the conviction becoming final, that Moe's application was not filed within two years, and that it did not appear any exception to the two-year limitation applied under N.D.C.C. § 29–32.1–01(3).  The court also noted the State did not raise the two-year time limitation in its motion for summary dismissal of the application.  The court requested the parties submit briefs addressing why the application should not be dismissed as untimely under N.D.C.C. § 29–32.1–01(2).

[¶ 5]   The State filed a brief, arguing the application was untimely, the exceptions to the time limitation did not apply, and Moe's application should be dismissed.

Moe also filed a brief, arguing the two-year time limitation did not apply because the time limitation in N.D.C.C. § 29–32.1–01(2) was a new statutory provision, it became effective on August 1, 2013, and it does not apply retroactively.

[¶ 6] On April 30, 2014, the district court dismissed Moe's application. The court found Moe's application was filed more than two years after his conviction became final and "Moe has not stated in his petition any exception from subsection 3 of N.D.C.C. § 29–32.1–01 to the two year time limitation provided in N.D.C.C. § 29–32.1–01(2). Moe's attorney did not identify any exception from subsection 3 of N.D.C.C. § 29–32.1–01 in the brief submitted pursuant to the court's April 15, 2014 Order." The court concluded the application was barred by the two-year time limitation provided in N.D.C.C. § 29–32.1–01(2).

## II

[¶ 7] Moe argues the district court erred by applying the statute of limitations and dismissing his application. He contends the State waived the statute of limitations defense by failing to plead it.

[¶ 8] Questions of law are fully reviewable on appeal in post-conviction proceedings. *Lehman v. State*, 2014 ND 103, ¶ 4, 847 N.W.2d 119. The district court's findings of fact will not be disturbed unless they are clearly erroneous. *Id.* at ¶ 5.

[¶ 9] Section 29–32.1–01(2), N.D.C.C., limits proceedings for post-conviction relief and states:

Except as provided in subsection 3, an application for relief under this chapter must be filed within two years of the date the conviction becomes final. A conviction becomes final for purposes of this chapter when:

a. The time for appeal of the conviction to the North Dakota supreme court expires;

b. If an appeal was taken to the North Dakota supreme court, the time for petitioning the United States supreme court for review expires; or

c. If review was sought in the United States supreme court, the date the supreme court issues a final order in the case.

However, a court may consider an application filed after the two-year statute of limitations if one of the following exceptions applies:

(1) The petition alleges the existence of newly discovered evidence, including DNA evidence, which if proved and reviewed in light of the evidence as a whole, would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted;

(2) The petitioner establishes that the petitioner suffered from a physical disability or mental disease that precluded timely assertion of the application for relief; or

(3) The petitioner asserts a new interpretation of federal or state constitutional or statutory law by either the United States supreme court or a North Dakota appellate court and the petitioner establishes that the interpretation is retroactively applicable to the petitioner's case.

N.D.C.C. § 29–32.1–01(3)(a).

[¶ 10] In *Lehman*, 2014 ND 103, ¶¶ 7–8, 847 N.W.2d 119, this Court held the two-year time limit for post-conviction relief applications is a statute of limitations, a statute of limitations defense in a civil proceeding is an affirmative defense, and affirmative defenses are waived if not pleaded. We held the State must raise the

two-year statute of limitations defense in post-conviction proceedings and the defense is waived if the State does not raise it. *Id.* at ¶ 8.

[¶ 11] In this case, the State did not argue in its motion for summary dismissal that Moe's application was untimely under N.D.C.C. § 29–32.1–01(2). However, Moe did not argue the State waived the statute of limitations defense before the district court. This Court has repeatedly held that issues not raised or considered in the district court cannot be raised for the first time on appeal, and this Court will not address issues raised for the first time. *Risovi v. Job Service North Dakota*, 2014 ND 60, ¶ 12, 845 N.W.2d 15. The purpose of an appeal is not to give the appellant an opportunity to develop new strategies or theories; rather, the purpose is to review the actions of the district court. *In re Johnson*, 2013 ND 146, ¶ 10, 835 N.W.2d 806. " 'The requirement that a party first present an issue to the trial court, as a precondition to raising it on appeal, gives that court a meaningful opportunity to make a correct decision, contributes valuable input to the process, and develops the record for effective review of the decision.' " *Id.* (quoting *Spratt v. MDU Res. Group, Inc.*, 2011 ND 94, ¶ 14, 797 N.W.2d 328).

[¶ 12] In Moe's brief to the district court, he argued N.D.C.C. § 29–32.1–01(2) did not apply retroactively. He did not argue that the court could not raise the issue on its own or that the State waived the defense by failing to raise it in its motion for summary dismissal. *Lehman* is the law, and the State must raise the statute of limitations defense or it is waived. 2014 ND 103, ¶ 8, 847 N.W.2d 119. However, *Lehman* was not decided until May 2014, which was after the district court dismissed Moe's application. There was no case law interpreting N.D.C.C. § 29–32.1–01(2) when the court dismissed the application. It was not well-settled law that the two-year limit was a statute of limitations, which would be waived if the State did not raise the defense. Neither party argued the court could not raise the issue and there was no clear authority on the matter. Under these circumstances, the district court did not err in requesting the parties address the two-year statute of limitations and finding it applied in this case.

### III

[¶ 13] Moe also argues the district court erred in dismissing his application because an exception to the statute of limitations applies under N.D.C.C. § 29–32.1–01(3). He claims his application may be considered after the statute of limitations expires under N.D.C.C. § 29–32.1–01(3)(a)(3), which allows consideration of an application after the two-year period if the applicant establishes that a new interpretation of federal constitutional law retroactively applies to his case. He contends a recent United States Supreme Court case, *Florida v. Jardines*, — U.S. ——, 133 S.Ct. 1409, 185 L.Ed.2d 495 (2013) (the government's use of a drug-sniffing dog on a homeowner's porch to investigate the home was a "search" within the meaning of the Fourth Amendment), is relevant and should be applied to his case to exclude evidence seized as a result of an illegal search of his home.

[¶ 14] In requesting the parties address the timeliness of the application, the district court noted that it did not appear Moe stated any exception to the statute of limitations in his petition. Moe responded to the district court's request to address the timeliness of the application, but he did not claim any of the exceptions applied. Moe failed to raise this issue before the district court and he cannot raise it for the

first time on appeal. *See Johnson,* 2013 ND 146, ¶ 10, 835 N.W.2d 806.

### IV

[¶ 15] We have considered all remaining issues raised, and we conclude they are either without merit or do not affect the outcome of the appeal. We affirm the district court's order dismissing Moe's application for post-conviction relief.

[¶ 16] CAROL RONNING KAPSNER, LISA FAIR McEVERS and DANIEL J. CROTHERS, JJ., concur.

DALE V. SANDSTROM, J., concurs in the result.