Filed 2/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 46

State of North Dakota, Plaintiff and Appellee

v.

Dylan Joel Groce, Defendant and Appellant

No. 20170285

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Julie A. Lawyer, Assistant State’s Attorney, Bismarck, ND, for plaintiff and appellee.

Russell J. Myhre, Valley City, ND, for defendant and appellant.

State v. Groce

No. 20170285

Crothers, Justice.

[¶1] Dylan Joel Groce appeals from an amended criminal judgment and jury verdict finding him guilty of aggravated assault. Groce argues the district court abused its discretion by quashing subpoenas for two witnesses and denying a motion for mistrial.  We affirm, concluding the district court did not err by quashing the subpoenas and did not abuse its discretion in denying Groce’s motion for a mistrial.

I

[¶2] In the early morning hours of November 5, 2016 Groce engaged in a heated discussion with Kyle Koenig, Casey Koenig and two others at the back entrance to Groce’s apartment in Bismarck.  Groce had been contacting Casey Koenig’s girlfriend via text and phone call, to which Casey Koenig took offense.  Kyle Koenig, Casey Koenig and two others arrived at Groce’s apartment after visits to local bars and a stop at Casey Koenig’s residence.  The incident occurred at or through Groce’s sliding glass door, partially obscured by hanging blinds.  At some point, Casey Koenig and Groce came to blows and Kyle Koenig attempted to intervene.  Groce stabbed Kyle Koenig with a kitchen knife.  Groce alleges Kyle Koenig attempted to pull him out of the apartment, and the stabbing occurred inside the threshold.  Kyle Koenig stated Groce reached out of the door and stabbed him. 

[¶3] Officers Masset, Berger, Vetter, Van Neste and Rogstad responded to a 911 call.  Masset arrived first and was the case officer.  Rogstad arrived later.  All of the officers stayed within the same outdoor and kitchen area.  Groce was handcuffed and arrested.  The State charged Groce with aggravated assault under N.D.C.C. § 12.1-17-02 on November 7, 2016.

[¶4] The district court initially scheduled trial for March 28-29, 2017.  On March 17, 2017 the State requested a continuance of the trial.  The district court rescheduled the trial for July 20-21, 2017.  In April 2017 Officer Masset informed the State of a potential conflict with the new trial date and her orders for training with the Army National Guard beginning July 16, 2017.  Officer Rogstad scheduled a vacation that also conflicted with the new trial date.  Groce served subpoenas on Officers Masset and Rogstad on July 11, 2017.  On July 17, 2017 the State brought a motion to quash the subpoenas.  After a July 19, 2017 hearing the district court found compliance with the subpoenas by Masset and Rogstad would be unreasonable and oppressive, and no prejudice would stem from quashal.  The district court found the statements Groce intended to elicit at trial from Officers Masset and Rogstad would be inadmissible hearsay, the defense made no effort to preserve testimony under N.D.R.Crim.P. 15, and the remaining three officers could testify to the same events. 

[¶5] At trial Groce moved for mistrial based on Officer Masset’s absence.  The district court denied the motion, noting Groce never moved for a continuance of the trial so the absent witnesses could testify.  Groce appeals, claiming Fifth and Fourteenth Amendment Due Process violations, and that he was denied his Sixth Amendment and N.D. Const. art. I § 12 right to compel the presence of favorable witnesses. 

II

[¶6] Groce argues the district court abused its discretion in quashing subpoenas for Officers Masset and Rogstad.  Rule 17(c)(2), N.D.R.Crim.P., provides, “On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.”  We review quashal of subpoenas for abuse of discretion.  
Nesvig v. Nesvig
, 2006 ND 66, ¶ 12, 712 N.W.2d 299; 
see also
 
United States v. Nixon
, 418 U.S. 683, 698-703 (1974); 
United States v. Mabie
, 663 F.3d 322, 329 (8th Cir. 2011) (“A district court’s decision to quash subpoenas is reviewed for an abuse of discretion.”); 
United States v. Rubin
, 836 F.2d 1096, 1100-02 (8th Cir. 1988) (finding a district court did not abuse its discretion in quashing subpoenas because it did not deprive defendant of Fifth or Sixth Amendment rights).  “A district court abuses its discretion if it acts in an unreasonable, arbitrary, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law.”  
State v. Hammer
, 2010 ND 152, ¶ 26, 787 N.W.2d 716 (quoting 
Citizens State Bank v. Symington
, 2010 ND 56, ¶ 8, 780 N.W.2d 676).  

[¶7] Groce generally asserts the district court violated his constitutional rights by quashing the two subpoenas.  He neither cites North Dakota precedent nor articulates a constitutional claim beyond the mere assertion of a violation. 

“The Sixth Amendment to the United States Constitution, applied to the states through the Fourteenth Amendment, states in part, ‘In all criminal prosecutions, the accused shall enjoy the right . . . to have compulsory process for obtaining witnesses in his favor.’ This right is not absolute, and the defendant must show the testimony would have been both favorable and material to his defense. 
United States v. Valenzuela-Bernal
, 458 U.S. 858, 867 (1982).”

State v. Treis
, 1999 ND 136, ¶ 11, 597 N.W.2d 664.  “The trial court ‘is not obligated to issue every subpoena requested by a defendant.’  The defendant has the burden of showing that the testimony would have been both favorable and material to his defense.”  
State v. Curtis
, 2008 ND 108, ¶ 12, 750 N.W.2d 438 (citations omitted) (affirming district court’s refusal to issue subpoena).

[¶8] Here, the district court found forcing Officers Masset and Rogstad to testify at trial would be unreasonable and oppressive and other officers could provide impeachment testimony at trial.  The district court also ruled the testimony Groce intended to elicit would be inadmissible hearsay.  
See Taylor v. State
, 443 S.W.3d 80, 84 (Tenn. 2014) (“[A] court properly quashes a subpoena where the proposed witness is not competent or where the expected testimony will not be admissible.”).  Because this order is not arbitrary, unreasonable, or unconscionable, appears to be the product of a rational mental process, and does not misinterpret or misapply the law, the district court did not abuse its discretion in quashing the subpoenas. 

III

[¶9] Groce’s associated argument on the district court’s refusal to grant a mistrial arose from Officer Masset’s absence at trial.  “We review a district court’s decision whether to grant a mistrial under an abuse of discretion standard.”  
State v. Muhle
, 2007 ND 131, ¶ 22, 737 N.W.2d 636 (citing 
State v. Klose
, 2003 ND 39, ¶ 48, 657 N.W.2d 276).  Because the district court decided not to grant a mistrial based on its decision to quash, we likewise rule the district court did not abuse its discretion in denying the motion for mistrial.

IV

[¶10] Groce argues that the State lacked standing to move to quash the officers’ subpoenas.  Groce raises this issue for the first time on appeal.  We decline to review the question.  
Chisholm v. State
, 2015 ND 279, ¶ 21, 871 N.W.2d 595 (
citing Moe v. State
, 2015 ND 93, ¶ 11, 862 N.W.2d 510) (“Issues not raised or considered by the district court cannot be raised for the first time on appeal.”). 

V

[¶11] The district court did not abuse its discretion in granting the State’s motion to quash subpoenas or deny the motion for a mistrial.  We affirm the amended criminal judgment and jury verdict.

[¶12] Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen

Jerod E. Tufte

Gerald W. VandeWalle, C.J.