2017 ND 125

**Tina Andrea JOHNSON n/k/a Tina Andrea Berndt, Plaintiff and Appellee**

v.

**Matthew Vaughn JOHNSON, Defendant and Appellant**

No. 20170010

Supreme Court of North Dakota.

Filed 5/16/2017

Michael S. McIntee, Towner, ND, for plaintiff and appellee.

Kyle R. Craig, Minot, ND, for defendant and appellant.

VandeWalle, Chief Justice.

[¶ 1] Matthew Johnson appealed a district court's order awarding two of the three tax exemptions for the children to Tina Johnson. Matthew Johnson argues the district court erred by not holding an oral argument and failing to make explicit findings on who would benefit the most from having the tax exemptions. Matthew Johnson did not request an oral argument and the district court's findings were not clearly erroneous; therefore, we affirm.

I.

[¶ 2] Tina Johnson and Matthew Johnson have three minor children and were divorced in 2013. Through a stipulation, Tina Johnson was awarded primary residential responsibility with Matthew Johnson paying $596 a month in child support. The stipulation also laid out a schedule for claiming the tax exemptions for the children: Tina Johnson and Matthew Johnson would alternate claiming two children one year and one child the next.

[¶ 3] In October 2016, Tina Johnson filed a motion to enforce the judgment asking the district court to require Matthew Johnson to pay the debt on a vehicle and to award her two of the children's tax exemptions permanently. Tina Johnson requested an oral argument on her motion and a date was set. Matthew Johnson opposed Tina Johnson's request for the tax exemptions. The district court canceled the oral argument and granted Tina Johnson's request for the tax exemptions.

II.

[¶ 4] On appeal, Matthew Johnson argues the district court: (1) erred when it issued its order without holding the requested oral argument and (2) was clearly erroneous when it awarded Tina Johnson two tax exemptions.

A.

[¶ 5] Rule 3.2(a)(3) of the North Dakota Rules of Court states:

> If any party who has timely served and filed a brief requests oral argument, the request must be granted. A timely request for oral argument must be granted even if the moving party has previously served notice indicating that the motion is to be decided on briefs. The party requesting oral argument must secure a time for the argument and serve notice upon all other parties.... If the party requesting oral argument fails within 14 days of the request to secure a time for the argument, the request is waived and the matter is considered submitted for decision on the briefs.

[¶ 6] Tina Johnson timely served and filed her brief, requested oral argument, secured a date, and notified Matthew Johnson. The oral argument was scheduled for December 22, 2016; however,

on December 1, the district court granted Tina Johnson's motion. Matthew Johnson argues the district court erred in granting Tina Johnson relief without holding the oral argument. Matthew Johnson did not request an oral argument; rather, he asserts he can rely upon Tina Johnson's request to guarantee himself an oral argument.

[¶ 7] Matthew Johnson's argument is unsupported by the language of Rule 3.2. Under Rule 3.2, a party must take affirmative steps to secure an oral argument, including: timely filing a brief, requesting an oral argument, scheduling a date and time, and notifying the other party. Rule 3.2 does not assume a party wants an oral argument on every motion filed. Matthew Johnson failed to take any affirmative steps to secure an oral argument or to make his interest in one known.

[¶ 8] Matthew Johnson's argument is also unsupported by our prior case law. In *Huber v. Oliver County*, 529 N.W.2d 179, 183 (N.D. 1995) and *Owens v. State*, 1998 ND 106, ¶ 16, 578 N.W.2d 542, we stated: "parties seeking oral argument under Rule 3.2 should make their own request, if they wish to be heard." And although the requesting party in *Huber* failed to perfect its request and in *Owens* the requesting party withdrew its request, a party cannot simply rely on the other party's request to guarantee himself or herself an oral argument. *Huber*, 529 N.W.2d at 183; *Owens*, 1998 ND 106, ¶ 17, 578 N.W.2d 542. If Matthew Johnson wished to be heard, he needed to request an oral argument. The district court did not err when it ruled on the motion without first holding an oral argument.

## B.

[¶ 9] Matthew Johnson's second argument is the district court erred when it reallocated the tax exemptions for the chil-

dren to allow Tina Johnson to claim two children every year instead of every-other year.

[¶ 10] The district court has the authority to allocate tax dependency exemptions. *Wigginton v. Wigginton*, 2005 ND 31, ¶ 18, 692 N.W.2d 108. We review the district court's allocation of tax exemptions under the clearly erroneous standard. *Lukenbill v. Fettig*, 2001 ND 47, ¶ 13, 623 N.W.2d 7. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, upon review of the entire record, this Court is left with a definite and firm conviction a mistake has been made. *Berg v. Berg*, 2002 ND 69, ¶ 4, 642 N.W.2d 899.

[¶ 11] In awarding tax exemptions to the parties, "it may be prudent to place the exemptions in the hands of the party who will most benefit," but the district court is not required to do so. *Illies v. Illies*, 462 N.W.2d 878, 882 (N.D. 1990). Additionally, our case law shows a connection between the district court's determination of child support payments and the allocation of tax dependency exemptions. *State ex rel. Younger v. Bryant*, 465 N.W.2d 155, 160 (N.D. 1991) ("Considering that the court has substantially increased Bryant's support payments, we do not believe it was error to grant the exemption to Bryant in the manner it did. However, if the court on remand substantially reduces Bryant's support payments, this issue could again be considered."); *Dunnuck v. Dunnuck*, 2006 ND 247, ¶ 11, 724 N.W.2d 124 (holding a party cannot attempt to modify the allocation of the income tax dependency exemption within the one-year period imposed under N.D.C.C. § 14–09–08.4(4) because allowing "an obligor or obligee to parse various facets of a child support obligation through numerous chal-

lenges . . . would defeat the limited finality feature of the law[.]").

[¶ 12] Matthew Johnson argues the district court erred as a matter of law by failing to explicitly state its findings and reasoning as to why the tax exemptions were best allotted to Tina Johnson.

[¶ 13] In deciding to give Tina Johnson two tax dependency exemptions permanently, the district court stated:

> The child support ledger indicates [Matthew Johnson] only paid $60.82 of $596 in March, 2016; in June, again only $60.82 was paid of the $596; in August, no payment was made. While [Matthew Johnson] did catch up, it still creates a hardship on [Tina Johnson].

> Based upon the fact that there were unjustified late payments, the Court now exercises its discretion and authority to allocate the tax exemptions.

The record also indicates, in addition to the above dates, Matthew Johnson failed to pay the full child support amount in May and November in 2015. Additionally, under the judgment, Matthew Johnson is required to pay his child support, in full, on the first day of the month, but he has failed to make full payments of his monthly obligation every month except one.

[¶ 14] The district court made no specific findings as to the benefit each party would received if awarded additional tax benefits. While such information is ordinarily not only helpful but required for our appellate review, in this circumstance the district court's rationale is clear. Matthew Johnson was chronically late in meeting his child support obligations and Tina Johnson is responsible for the care of the three children. Also, she requested to receive the benefit of two of the tax exemptions each year rather than on an alternating basis. A fair inference from the evidence and the district court's findings is the additional tax exemption will, in part, make up the difference in the amount of child support Matthew Johnson is required to pay and the amount he actually pays. Under these circumstances we are not left with a definite and firm conviction that the district court erred in awarding two of the three tax exemptions to Tina Johnson each year.

### III.

[¶ 15] We affirm the district court's order granting Tina Johnson two of the tax exemptions for the children each year.

[¶ 16] Gerald W. VandeWalle, C.J.

Jerod E. Tufte

Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers