# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 123

State of North Dakota,                                                    Plaintiff and Appellee

v.

Russell Frank Craig,                                                    Defendant and Appellant

No. 20180397

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Tessa M. Vaagen, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]    Russell Frank Craig appeals from a district court order and amended order denying his motion to withdraw his guilty plea.  We reverse and remand, concluding the district court erred by failing to give Craig a hearing.


I

[¶2]    Russell Frank Craig pleaded guilty to murder in 2007.  On August 17, 2018, Craig filed a motion under N.D.R.Ct. 3.2 to withdraw his guilty plea under N.D.R.Crim.P. 11(d)(2) and requested oral argument.  The State did not respond.  On September 14, 2018, the district court issued a notice inquiring whether the State's failure to respond to Craig's motion was due to oversight.  In that notice, the court also stated: "[t]he State shall notify the Court if it has waived a response or respond immediately to the motion or request additional time to respond if unable to do so immediately."  On October 4, 2018, the court scheduled the oral argument for October 16, 2018.  On October 5, 2018, the State filed a motion for extension of response time.  The court granted the extension on October 11, 2018, and the State submitted its response to Craig's motion to withdraw his guilty plea on October 12, 2018.  Without explanation, the court cancelled the October 16, 2018 hearing.  On October 24, 2018, the court denied Craig's motion to withdraw his guilty plea.


II

[¶3]    "When a court has accepted a plea and imposed sentence, the defendant cannot withdraw the plea unless withdrawal is necessary to correct a manifest injustice." *State v. Bates*, 2007 ND 15, ¶ 6, 726 N.W.2d 595.  "The decision whether a manifest injustice exists for withdrawal of a guilty plea lies within the trial court's discretion and will not be reversed on appeal except for an abuse of discretion." *Id.*  "A court

abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or it misinterprets or misapplies the law." *State v. Yost*, 2018 ND 157, ¶ 6, 914 N.W.2d 508. "The interpretation of a court rule or statute is a question of law that we review de novo." *State v. Jessee*, 2018 ND 241, ¶ 9, 919 N.W.2d 335.

### III

[¶4]    Craig argues the district court erred by permitting the State to respond later than 14 days after he submitted his motion. He cites to N.D.R.Ct. 3.2(a)(2), which provides:

> Upon serving and filing a motion, the moving party must serve and file a brief and other supporting papers and the opposing party must have 14 days after service of a brief within which to serve and file an answer brief and other supporting papers. The moving party may serve and file a reply brief within seven days after service of the answer brief. Upon the filing of briefs, or upon expiration of the time for filing, the motion is considered submitted to the court unless counsel for any party requests oral argument on the motion.

At no point between the submission of Craig's August 17, 2018 motion and the court's October 24, 2018 order denying his motion did Craig object to the court's actions permitting the State to request an extension and submit an answer. "It is well-established that issues which are not raised before the district court, including constitutional issues, will not be considered for the first time on appeal." *State v. Kieper*, 2008 ND 65, ¶ 16, 747 N.W.2d 497 (internal quotation omitted). We will not decide whether the district court erred by permitting the State to respond more than 14 days after Craig filed his motion because Craig failed to raise the issue before the district court and it was not properly preserved for our review.

### IV

[¶5]    Craig argues that under N.D.R.Ct. 3.2(a)(3), the district court was required to hold an oral argument on his motion once he requested it. Rule 3.2(a)(3), N.D.R.Ct., states:

> If any party who has timely served and filed a brief requests oral argument, the request *must* be granted. A timely request for oral argument must be granted even if the moving party has previously served notice indicating that the motion is to be decided on briefs. The party requesting oral argument must *secure a time* for the argument *and serve notice* upon all other parties. Requests for oral argument or the taking of evidence must be made not later than seven days after expiration of the time for filing the answer brief. If the party requesting oral argument fails within 14 days of the request to secure a time for the argument, the request is waived and the matter is considered submitted for decision on the briefs. If an evidentiary hearing is requested in a civil action, notice must be served at least 21 days before the time specified for the hearing.

(Emphasis added); *see Hageness v. Davis*, 2017 ND 132, n.1, 896 N.W.2d 251 (explaining "N.D.R.Ct. 3.2(a)(3) was amended effective March 1, 2016, to require any party requesting oral argument to secure a time for the argument within fourteen days of the request; otherwise, the request will be waived and the matter considered on the briefs"). Parties seeking oral arguments are required to schedule and provide notice of the hearing no later than seven days after the expiration of the time for filing the opposing party's answer brief under N.D.R.Ct. 3.2(a)(3). *In re Estate of Bartelson*, 2013 ND 129, ¶ 20, 833 N.W.2d 522 (holding the district court abused its discretion by entering an order on a petition before the expiration of the time for requesting and noticing a hearing); *see also State ex rel. Seibold v. Leverington*, 2012 ND 25, ¶ 17, 812 N.W.2d 460 (holding the district court erred by entering an order on a motion before the time to request and notice a hearing had expired). We have held complete requests for oral arguments on a motion under Rule 3.2 require a party affirmatively: (1) timely file a brief; (2) request oral argument; (3) schedule a date and time for a hearing; and (4) notify the other party. *Johnson v. Johnson*, 2017 ND 125, ¶ 7, 894 N.W.2d 833; *see also Desert Partners IV, LP v. Benson*, 2014 ND 192, ¶ 18, 855 N.W.2d 608 (holding a request for oral argument under Rule 3.2 is complete when the requesting party has secured a time for the argument *and* serves notice upon all other parties*); see also State v. $3260.00 U.S. Currency,* 2018 ND 112, ¶ 12, 910 N.W.2d 839 (holding the district court did not err by *not* holding a hearing on a

3

motion when a party requested a hearing but nothing in the record indicated the requesting party actually scheduled a hearing). This Court has held that if a trial court errs in denying a party's motion without oral argument, the remedy is a remand to allow for oral argument. *Desert Partners IV*, at ¶ 18.

[¶6] Additionally, the fact that a hearing has been scheduled does not ensure the non-requesting party is guaranteed that hearing unless he affirmatively completes the Rule 3.2 hearing request steps on his own. *Johnson*, 2017 ND 125, ¶ 6, 894 N.W.2d 833. In *Johnson*, the plaintiff completed the required Rule 3.2 hearing request steps. *Id*. The district court, prior to the date of the scheduled hearing, issued an order ruling in the plaintiff's favor. *Id*. On appeal, the defendant argued the district court erred by failing to hold the scheduled hearing, arguing he could rely upon the plaintiff's request to guarantee himself an oral argument. *Id*. We held the defendant could not rely on the plaintiff's hearing request and that if he "wished to be heard, *he* needed to request an oral argument." *Id*. at ¶ 8 (emphasis added) ("a party cannot simply rely on the other party's request to guarantee himself or herself an oral argument"); *see also Owens v. State*, 1998 ND 106, ¶ 16, 578 N.W.2d 542 ("parties seeking oral argument under Rule 3.2 should make their own request, if they wish to be heard").

[¶7] Craig requested an oral argument on August 17, 2018. While Craig did not comply with Rule 3.2(a)(3), because he did not secure and notice the hearing, on October 4, 2018, the calendar control clerk issued a notice to appear for a hearing scheduled on October 16, 2018. On October 16, 2018, the hearing was cancelled "per judge" without explanation. Here, the district court provided electronic notice to the parties on its own by issuing the notice to appear on October 4, 2018. Therefore, the court removed the hearing setting process from the requirements of Rule 3.2, alleviating Craig's duty to complete the steps of the rule. There would be no reason for Craig to secure and serve notice of a hearing that was already scheduled by the court. We conclude the district court abused its discretion by cancelling the October 16, 2018 hearing without giving Craig an opportunity to be heard. *See State v. Nelson*, 2015 ND 301, ¶¶ 7-9, 872 N.W.2d 613 (holding a district court abused its

4

discretion by arbitrarily and without explanation cancelling a party's scheduled restitution hearing).

V

[¶8]   Craig requests this Court assign a different judge if the case is remanded. Craig did not request the district judge recuse or disqualify himself prior to this appeal. He argues the district judge ignored the applicable rules to accommodate the State, creating an appearance of impropriety.

[¶9]   We have held:

> The rules of judicial conduct provide that a judge is required to avoid impropriety and the appearance of impropriety in all the judge's activities. *Farm Credit Bank v. Brakke*, 512 N.W.2d 718, 720 (N.D. 1994). The law presumes a judge is unbiased and not prejudiced. *Id.* (citation omitted). We have said a ruling adverse to a party in the same or prior proceeding does not render a judge biased so as to require disqualification. *Id.* The test for the appearance of impartiality is one of reasonableness and recusal is not required in response to spurious or vague charges of impartiality. *Id.* at 721.

*Rath v. Rath*, 2016 ND 105, ¶ 12, 879 N.W.2d 735 (quoting *Rath v. Rath,* 2013 ND 243, ¶ 14, 840 N.W.2d 656). The purpose of reassignment is: "in part, to preserve the integrity of the court, to protect litigants from bias, and to ensure that allegations of prejudice do not affect fair administration of the law." *T.F. James Co. v. Vakoch*, 2001 ND 112, ¶ 18, 628 N.W.2d 298. Further, "[d]etermining whether or not to assign a different judge requires delicate balancing of numerous competing interests." *Id.* at ¶ 19. In *Vakoch*, we declined judicial reassignment on remand because (1) we appreciated the "district court judge has particular insight that cannot be replicated by a replacement;" (2) the voluminous nature of the record, the number of proceedings, and the experiences of the presiding judge favored retention rather than reassignment; and (3) there were no allegations of actual bias, only subconscious bias, and therefore retention was favored. *Id.*

[¶10]   Here, Craig's only assertion of judicial impropriety rests on his perception the district court misapplied the applicable rules to his detriment. However, we have

5

stated that "[a]n erroneous opinion as to the merits of the case or the law relating to the proceedings is not evidence of bias." *Datz v. Dosch*, 2014 ND 102, ¶ 17, 846 N.W.2d 724. Craig has not alleged sufficient facts to indicate bias or the appearance of impropriety by the judge. Therefore, we decline to assign a different judge on remand.

## VI

[¶11] We reverse the district court's order and amended order denying Craig's motion to withdraw his guilty plea and remand for a hearing on the motion. Craig's request for assignment of a different district court judge on remand is denied.

[¶12]  Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Gerald W. VandeWalle, C.J.