# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 54

State of North Dakota,

Plaintiff and Appellee

v.

Michael D. Neugebauer,

Defendant and Appellant

### No. 20200278

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bobbi B. Weiler, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Julie A. Lawyer, State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, N.D., for defendant and appellant.

1

**Tufte, Justice.**

[¶1]   Michael D. Neugebauer appeals a district court's order denying his motion for sentence reduction. On appeal, Neugebauer argues the district court erred in denying his motion without allowing the motion to be heard. We reverse and remand for the district court to hold a hearing on Neugebauer's motion.

I

[¶2]   In 1994, Neugebauer pled guilty to four counts of murder and was sentenced to imprisonment for life on all counts, to be served concurrently. Neugebauer filed his motion for a sentence reduction pursuant to N.D.C.C. § 12.1-32-13.1 on October 5, 2020. On October 6, a notice of hearing was filed, setting the hearing for November 10. On October 9, the district court issued an order denying the motion and removing the hearing from the court's calendar. On appeal, Neugebauer argues that the district court erred in denying his motion before the time had run for the State to respond and in denying him a hearing on his motion.

II

[¶3]   "The district court's decision to amend a judgment is subject to sound judgment and will not be reversed on appeal unless there is an abuse of discretion." *State v. Comes*, 2019 ND 99, ¶ 4, 926 N.W.2d 117 (citations omitted). The district court abuses its discretion "if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Id.* (citations omitted). Neugebauer argues that the district court abused its discretion by failing to provide a hearing on his motion for reduction of sentence as required by N.D.R.Ct. 3.2(a)(3). The State concedes that Rule 3.2 requires a hearing and governs Neugebauer's motion but argues that the district court did not have jurisdiction to hear the motion.

[¶4] "Once a judgment is final, the district court generally 'loses jurisdiction to alter, amend, or modify that judgment.'" *State v. Vollrath*, 2018 ND 269, ¶ 4, 920 N.W.2d 746 (quoting *State v. Meier*, 440 N.W.2d 700, 702 (N.D. 1989)). Unless grounds are provided by statute or by the Rules of Criminal Procedure for correcting or amending a judgment, any attempt by the district court to amend or modify a final judgment is void. *Id.* Section 12.1-32-13.1, N.D.C.C., under which Neugebauer filed his motion, provides grounds for a district court to modify a sentence in certain cases. This section of statute gives the district court jurisdiction over Neugebauer's motion to determine whether it provides grounds for relief.

[¶5] Rule 3.2(a)(3), N.D.R.Ct., states that "[i]f any party who has timely served and filed a brief requests oral argument, the request must be granted." Rule 3.2 governs Neugebauer's motion, and Neugebauer specifically requested to be heard by the court in his October 5, 2020 motion. On October 6, the calendar control clerk issued a notice of hearing on the motion scheduled for November 10, 2020. The judge issued an order denying the motion and removing the hearing from the court's calendar on October 9, 2020. We conclude the district court abused its discretion by ruling on the motion without giving Neugebauer an opportunity to be heard. *State v. Craig*, 2019 ND 123, ¶ 7, 927 N.W.2d 99; *see also Whetsel v. State*, 2021 ND 28, ¶ 8 (reversing for failure to allow an opportunity to respond under N.D.R.Ct. 3.2(a)(2)); *Friesz v. State*, 2021 ND 37, ¶¶ 6-8 (same). We have held that if a trial court errs in denying a party's motion without oral argument, the remedy is a remand to allow for oral argument. *Craig,* at ¶ 5.

## III

[¶6] We reverse and remand for the district court to hold a hearing on Neugebauer's motion.

[¶7]   Jon J. Jensen, C.J.
       Gerald W. VandeWalle
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte