# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 68

State of North Dakota,                                   Plaintiff and Appellee

    v.

Michael D. Neugebauer,                              Defendant and Appellant

## No. 20220174

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bobbi Brown Weiler, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice, in which Chief Justice Jensen and Justices Crothers and Tufte joined. District Judge El-Dweek filed a concurring opinion.

David L. Rappenecker, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Steven Balaban, Bismarck, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Michael Neugebauer appeals from a district court order denying his motion for a sentence reduction.  On appeal, Neugebauer argues the district court erred in determining N.D.C.C. § 12.1-32-13.1 does not apply retroactively. We affirm.

I

[¶2]   In 1992, Michael Neugebauer was charged with four counts of murder. Neugebauer pled guilty to all counts and was sentenced to life imprisonment on each count, running concurrently.   On October 5, 2020, Neugebauer moved for a reduction of his sentence under N.D.C.C. § 12.1-32-13.1 and requested oral argument under N.D.R.Ct. 3.2.  On October 9, 2020, the district court denied the motion without a hearing, citing this Court's holding in *Garcia v. State*, 2019 ND 103, 925 N.W.2d 442 (holding N.D.C.C. § 12.1-32-13.1 does not apply retroactively).   Neugebauer appealed, and this Court reversed and remanded for a hearing on the motion, concluding the district court abused its discretion by ruling on the motion without giving Neugebauer an opportunity to be heard under N.D.R.Ct. 3.2(a)(3). *State v. Neugebauer*, 2021 ND 54, ¶ 5, 956 N.W.2d 406.

[¶3]   On March 22, 2022, the district court held a hearing on Neugebauer's motion.  After the hearing, the court again denied his motion, concluding N.D.C.C. § 12.1-32-13.1 does not apply retroactively.  Neugebauer appeals.

II

[¶4]   Neugebauer argues N.D.C.C. § 12.1-32-13.1 should apply retroactively. He acknowledges our holding in *Garcia v. State*, 2019 ND 103, 925 N.W.2d 442, but argues its analysis "negates the very essence of N.D.C.C. § 12.1-32-13.1" and "presumes an idle act by the Legislature."  He also argues the application of the ameliorative penal legislation exception to the general rule against retroactivity applies because this case is not lessening punishment; it is simply

giving an avenue to specific individuals to move the court for a reduction in sentence.

[¶5] Section 12.1-32-13.1(1), N.D.C.C., provides:

Notwithstanding any other provision of law, a court may reduce a term of imprisonment imposed upon a defendant convicted as an adult for an offense committed and completed before the defendant was eighteen years of age if:
a. The defendant has served at least twenty years in custody for the offense;
b. The defendant filed a motion for reduction in sentence; and
c. The court has considered the factors provided in this section and determined the defendant is not a danger to the safety of any other individual, and the interests of justice warrant a sentence modification.

[¶6] Our standard for interpreting a statute is well established:

The interpretation of a statute is a question of law, which is fully reviewable on appeal. The primary objective in interpreting a statute is to determine the legislature's intent, and we look at the language of the statute first to determine intent. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless they are defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1-02-02. The letter of a statute cannot be disregarded under the pretext of pursuing its spirit when the language of the statute is clear and unambiguous. N.D.C.C. § 1-02-05. A statute is ambiguous if it is susceptible to different, rational meanings. Statutes are construed as a whole and are harmonized to give meaning to related provisions.

*Peterka v. State*, 2015 ND 156, ¶ 10, 864 N.W.2d 745.

[¶7] We addressed this issue in *Garcia*, 2019 ND 103. We ultimately held that N.D.C.C. § 12.1-32-13.1 does not apply retroactively because retroactive application would constitute an infringement on the executive pardoning

power. *Garcia*, at ¶ 12. We reasoned because Garcia's sentence was final prior to enactment of N.D.C.C. § 12.1-32-13.1, retroactive application is barred. *Id.*

[¶8] Section 1-02-10, N.D.C.C., states no part of the code is retroactive unless it is expressly declared to be so. However, "[s]ection 1-02-10, N.D.C.C., is a rule of statutory construction which is 'subservient to the main rule that the intent and purpose of the legislature must be given effect.'" *Smith v. Baumgartner*, 2003 ND 120, ¶ 14, 665 N.W.2d 12 (quoting *State v. Davenport*, 536 N.W.2d 686, 688 (N.D. 1995)). "[T]here is no need to resort to N.D.C.C. § 1-02-10 to discern legislative intent if we are able to rationally infer from other sources that the legislature intended retroactive application of the statute." *Davenport*, 536 N.W.2d at 689. We can discern no such inference here. In this instance, a review of the legislative history demonstrates the Legislative Assembly specifically considered retroactivity with testimony supporting both sides. After passing the House, Representative Lawrence Klemin presented the bill to the Senate, explaining, "[t]he bill is not expressly stated to be retroactive and therefore should not be retroactive. *See* Section 1-02-10 of the North Dakota Century Code." Hearing on H.B. 1195 Before the Senate Judiciary Comm., 65th N.D. Legis. Sess (March 13, 2017) (testimony of Lawrence Klemin, Representative).

[¶9] Neugebauer was convicted of murder as a juvenile and sentenced to life imprisonment. Like *Garcia*, Neugebauer brings his motion for sentence reduction under N.D.C.C. § 12.1-32-13.1. Notably, Neugebauer's conviction includes the possibility of parole. Neugebauer's convictions were final long before enactment of this statute. Judgment was entered for the first count of murder on October 7, 1993, and on January 24, 1994, for counts two through five. The statute was enacted on August 1, 2017. Therefore, as the Court explained in *Garcia*, N.D.C.C. § 12.1-32-13.1 does not apply retroactively. 2019 ND 103, at ¶ 12. Moreover, our interpretation of the statute does not render it meaningless or allow an idle act. "We construe statutes in a way which does not render them meaningless because we presume the Legislature acts with purpose and does not perform idle acts." *Motisi v. Hebron Pub. Sch. Dist.*, 2021 ND 229, ¶ 13, 968 N.W.2d 191 (citation omitted). In *Garcia*, this Court

3

explained the recent holdings of the United States Supreme Court as to sentencing a juvenile offender:

> The Court held the Eighth Amendment forbids mandatory sentences of life in prison without the possibility of parole for juvenile offenders . . . . The Court further explained its decision did not categorically bar the penalty of life in prison without the possibility of parole, but it mandates that a sentencer consider a juvenile offender's youth and attendant characteristics before imposing the sentence.
>
> . . .
>
> The holding of *Miller* is limited to mandatory sentences of life in prison without the possibility of parole, and its central rationale rests on the mandatory nature of the sentence prohibiting the sentencing court from considering the mitigating attributes of youth.

*Garcia v. State*, 2017 ND 263, ¶¶ 19-22, 903 N.W.2d 503 (relying on *Miller v. Alabama*, 567 U.S. 460 (2012); *Montgomery v. Louisiana*, 577 U.S. 190 (2016)). In *Miller* and *Montgomery*, the United States Supreme Court held that mandatory life-without-parole sentences for juveniles are often unconstitutional and should only be given in rare circumstances, and announced factors to be considered when sentencing juveniles. *Miller*, 567 U.S. 460; *Montgomery*, 577 U.S. 190. The Court's *Montgomery* announcement of retroactivity "means that because the source of the *Miller* rule 'is the Constitution itself,' it 'necessarily pre-exists our articulation of the new rule." *Garcia*, at ¶ 21. Stated plainly, the "rule" is retroactive because it is a constitutional violation. The constitutional violation only applies to mandatory life imprisonment without parole for juvenile offenders.

[¶10] These holdings allow for a discretionary sentence of life without parole "for the rare juvenile offender." Our Legislative Assembly removed the unconstitutional mandatory life sentence without parole for juvenile offenders in N.D.C.C. § 12.1-20-03(4). In enacting N.D.C.C. § 12.1-32-13.1, the Legislative Assembly also "allows juvenile offenders who have been in state custody for more than twenty years to seek relief from their sentence" based

4

upon factors set forth in *Miller* and *Montgomery*. *Garcia*, 2019 ND 103, ¶ 4. The statute provides greater relief than *Miller* and *Montgomery*, and was not an idle act by the Legislative Assembly.

## III

[¶11] Neugebauer also argues his sentence must be reviewed for compliance with *Miller* and *Montgomery* due to the analysis regarding juvenile offenders and their diminished culpability.

[¶12] Section 12.1-32-13.1, N.D.C.C., was enacted in response to the United States Supreme Court cases relating to the constitutionality of punishments for juveniles sentenced to life terms in prison, such as *Miller* and *Montgomery*. However, the district court reviewed this Court's holding in *Garcia* and the significance of *Miller* and *Montgomery* and correctly concluded those cases dealt with juveniles sentenced to life without the possibility of parole. Neugebauer was sentenced to life with the possibility of parole and will be eligible for parole in October of 2027. Given this distinction, a separate analysis of the cases in question is not necessary. The district court addressed the constitutionality of Neugebauer's sentence and correctly concluded Neugebauer does not qualify for relief under *Garcia, Miller* or *Montgomery*.

## IV

[¶13] Neugebauer also argues the district court abused its discretion by denying his motion to reduce his sentence by erroneously weighing the factors under N.D.C.C. § 12.1-32-13.1. Because the statute does not apply retroactively, we need not address this argument.

## V

[¶14] We have considered the remaining issues and arguments raised by Neugebauer and conclude them to be either without merit or unnecessary to our decision. We affirm the district court's denial of Neugebauer's motion for reduction of sentence.

[¶15] Jon J. Jensen, C.J.

Daniel J. Crothers

Lisa Fair McEvers

Jerod E. Tufte

**El-Dweek, District Judge, concurring.**

[¶16]   I concur with the majority's result because the district court thoroughly reviewed and considered the factors in N.D.C.C. § 12.1-32-13.1(3) and rightly found that a reduction was unwarranted at the present time. However, I write separately because N.D.C.C. § 12.1-32-13.1 should not be subject to the general rule against retroactivity.

[¶17]   The majority correctly points out that N.D.C.C. § 1-02-10 "states no part of the code is retroactive unless it is expressly declared to be so." *Supra,* ¶ 8. However, the Supreme Court recently renewed its long-standing position to "construe statutes in a way which does not render them meaningless because we presume the Legislature acts with purpose and does not perform idle acts." *Larson v. N.D. Workforce Safety and Ins.*, 2022 ND 118, ¶ 21, 975 N.W.2d 552 (citing *Christiansen v. Panos*, 2022 ND 27, ¶ 9, 969 N.W.2d 709 and *Dubois v. State*, 2021 ND 153, ¶ 22, 963 N.W.2d 543 (internal quotation marks omitted)).

[¶18]   The majority has concluded because Neugebauer was sentenced before the enactment of N.D.C.C. § 12.1-32-13.1, he is ineligible to even petition a court to review his sentence under the statute because of the bar against retroactivity. This implies that the statute cannot have any effect until at least the year 2037, or 20 years from the enactment of the statute. It is my opinion this application of the statute is the very essence of an idle act by the Legislature. At oral argument, the State rightly conceded the point: the State argued the Legislature did not have to act for the United States Supreme Court decisions in *Miller* and *Montgomery* to apply in North Dakota. In the face of this reality, the Legislature still chose to act by enacting N.D.C.C. § 12.1-32-13.1.

[¶19]   I recognize that the Supreme Court has characterized N.D.C.C. § 12.1-32-13.1 as legislation that lessened punishment in *Garcia v. State,* 2019 ND

6

103, ¶¶ 10-13, 925 N.W.2d 442, and is therefore not retroactive. The *Garcia* Court cited *State v. Cummings* in support of the proposition that "[a] statute that lessens the punishment for a criminal act cannot be applied to a sentence if the statute become effective after a conviction is final." *Id.* at ¶ 10. However, *Cummings* was a case of what sentence should be applied to a Driving Under Suspension conviction—either 15 days under an old law or 4 days under the current version. *State v. Cummings*, 386 N.W.2d 468, 470 (N.D. 1986). That is distinguishable from a statute at issue here which allows a mechanism by which a Defendant may apply for a sentence reduction under some very limited circumstances. The statute does not even provide for any additional mitigating sentencing factors—all it provides is a mechanism to consider a reduction.

[¶20] Despite the district court finding that the statute did not have retroactive effect, I concur with the result of the majority because the district court correctly analyzed the facts of the case in light of N.D.C.C. § 12.1-32-13.1.

[¶21] Daniel S. El-Dweek, D.J.

[¶22] The Honorable Daniel S. El-Dweek, D.J., sitting in place of Bahr, J., disqualified.