# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 214

| | |
|---|---|
| Bravera Bank f/k/a American Bank Center, | Plaintiff and Appellee |
| v. | |
| Michael R. Craft, | Defendant and Appellant |
| and | |
| Faye P. Craft, | Defendant |

## No. 20230095

Appeal from the District Court of Mountrail County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Nici Meyer, Richard P. Olson, and Wanda L. Fischer, Minot, ND, for plaintiff and appellee; submitted on brief.

James A. Teigland, Fargo, ND, for defendant and appellant; submitted on brief.

**Jensen, Chief Justice.**

[¶1] Michael Craft ("Craft") appeals from a district court order granting Bravera Bank's ("Bravera") motion for summary judgment, denying a motion for supplemental briefing, and denying requests for continuances of both the summary judgment hearing and trial date. We conclude the court did not abuse its discretion by issuing an order granting summary judgment before the scheduled hearing in the absence of a timely request, did not err in granting the summary judgment, and did not err in failing to rule on motions rendered moot by the summary judgment specifically. We affirm.

I

[¶2] On August 15, 2017, Craft executed and delivered to Bravera a promissory note for Loan No. 60842203 ("Note 2203") secured with a mortgage encumbering sections 26, 27, and 35 in Mountrail County, North Dakota. The mortgage contained both a cross-collateralization clause and a future advance clause, which read as follows:

> **CROSS-COLLATERALIZATION**. In addition to the Note, this Mortgage secures all obligations, debts and liabilities, plus interest thereon, of Grantor to Lender, or any one or more of them, as well as all claims by Lender against Grantor or any one or more of them, whether now existing or hereafter arising, whether related or unrelated to the purpose of the Note . . . .
>
> . . . .
>
> **FUTURE ADVANCES.** In addition to the Note, this Mortgage secures all future advances made by Lender to Grantor whether or not the advances are made pursuant to a commitment. . . .

[¶3] On June 11, 2018, Craft obtained a home equity loan, executing and delivering to Bravera a promissory note for Loan No. 9109077 ("Note 9077") secured with a mortgage encumbering Wilson's Addition to the City of Stanley,

Block 27, Lots 1 and 2 in Mountrail County, North Dakota. The mortgage contained a cross-collateralization clause indicating:

> **Breach of Other Agreement.** Any breach by Grantor under the terms of any other agreement between Grantor and Lender that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Grantor to Lender, whether existing now or later.

[¶4]   On June 3, 2022, Bravera commenced a foreclosure action against Craft and his then-wife on Note 9077. Bravera alleged Craft was in default under the terms of the promissory note and mortgage for Note 9077 by failing to pay property taxes on the mortgaged property. Bravera further alleged Craft was in breach under the breach of other agreement clause because he was in default under Note 2203. Bravera also alleged Craft's insolvency was a breach of the parties' agreement.

[¶5]   Bravera included within the foreclosure action an allegation Craft was also in default under Note 2203 for failure to make payments on both the property taxes and Note 2203. As of the date of the complaint, Craft was delinquent $37,512.34 in payments on Note 2203, and by the time of summary judgment, the delinquent payments totaled $75,024.68. Bravera further alleged Craft had misrepresented his title interest in the property securing Note 2203, asserting Craft had sold the property pursuant to a contract for deed, and Craft no longer held title to the property in a fee simple as required under the terms of the note and mortgage.

[¶6]   On October 11, 2022, a stipulation for scheduling order was filed with the district court, stating written discovery requests were to be served no later than November 1, 2022, and the deadline to complete all depositions was no later than December 15, 2022, and all dispositive motions were to be filed by January 1, 2023; additionally, the court set a preliminary trial date of February 1, 2023.

[¶7]   On November 9, 2022, Bravera filed a motion for summary judgment. On December 8, 2022, Craft responded to Bravera's motion, arguing the district

court should decline to find there is a default under Note 9077 as payments were current and regular payments were being made. Craft did not request a hearing on the motion for summary judgment. On December 19, 2022, Bravera filed its reply brief. On December 29, 2022, without a request for a hearing or a request for oral argument by either party, the court issued a notice of hearing, setting a hearing date on the summary judgment motion for January 12, 2023, with an exhibits submission deadline of January 10, 2023.

[¶8]   On December 30, 2022, Craft retained new counsel. On January 5, 2023, Craft filed a motion for leave to file supplemental briefing in opposition to Bravera's motion for summary judgment, a motion for continuance of trial, and a motion for the continuance of the January 12, 2023, summary judgment hearing. Bravera filed responses to all three motions. On January 9, 2023, Craft filed a reply brief supporting his motions.

[¶9]   Following the submission of Craft's reply, the district court canceled the January 12, 2023 hearing and granted summary judgment in favor of Bravera, finding Craft's default in Note 2203 constitutes a default in Note 9077. The court made no ruling on any of Craft's other motions.

II

[¶10] Craft argues the district court erred in its decision denying his motion for leave to file supplemental briefing in opposition to Bravera's motion for summary judgment, motion for continuance of trial, and motion for the continuance of the January 12, 2023 summary judgment hearing before the opportunity to request a hearing on those motions had passed. However, when Craft filed his three motions, the briefing had been completed, and the time for requesting a hearing on the motion for summary judgment had expired. "Upon the filing of briefs, or upon expiration of the time for filing, the motion is considered submitted to the court unless counsel for any party requests a hearing on the motion." N.D.R.Ct. 3.2(a)(2). At the time the court issued its order on the motion for summary judgment, the motion had been fully submitted to the court and, pursuant to Rule 3.2(a)(2), was ripe for determination by the court. We conclude the court did not err in resolving a

3

motion that had been fully submitted by the parties, and the time for requesting a hearing had passed.

### III

[¶11] Craft further argues the district court's failure to provide its rationale for the denial of his three motions was an error. Because the court granted summary judgment in favor of Bravera, there is a presumption the court denied the motions. *See Alerus Fin., N.A. v. Marcil Grp., Inc.*, 2011 ND 205, ¶ 34, 806 N.W.2d 160.

[¶12] This Court has affirmed a district court's implicit denial of a pending motion without explanation when it granted summary judgment in favor of one party. *Alerus*, 2011 ND 205, ¶ 34. However, this Court has also noted there is a need for the district court to adequately explain the legal basis for certain decisions in order to allow this Court to understand the decision and properly perform its appellate function. *Knorr v. Norberg*, 2022 ND 139, ¶ 13, 977 N.W.2d 711.

[¶13] The district court's order granting summary judgment rendered all three of Craft's pending motions moot. Under the circumstances of this case, where the court's order granting summary judgment was entered on a fully submitted motion without any request for oral argument, and the order fully resolved the pending claims, we conclude it was not necessary for the court to address Craft's remaining motions.

### IV

[¶14] Craft argues the district court erred in canceling the summary judgment hearing scheduled for January 12, 2023, and issuing an order granting summary judgment in favor of Bravera on January 9, 2023. Craft contends both the hearing and the submission of exhibits should have occurred. Here, the January 12, 2023 hearing was set by the court in the absence of any request from the parties. Significantly, the hearing was set by the court after the time for the parties to request a hearing had expired and after the time for Craft to

4

submit materials in response to the motion for summary judgment had expired.

[¶15] Bravera filed its motion for summary judgment on November 9, 2022. Pursuant to N.D.R.Civ.P. 56(c)(1), Craft had 30 days to file his responsive materials; the latest the responsive brief and materials could have been filed was December 9, 2022. As provided in N.D.R.Ct. 3.2(a)(3):

> Requests for a hearing must be made not later than seven days after expiration of the time for filing the answer brief. If the party requesting a hearing fails within 14 days of the request to secure a time for the hearing, the request is waived and the matter is considered submitted for decision on the briefs.

A timely request would have had to have been filed no later than December 16, 2022.

[¶16] The district court issued a notice of hearing on December 29, 2022, for a hearing on January 12, 2023. When the court issued its notice of hearing, both the time for the submission of materials in response to the motion for summary judgment and the time for the parties to request a hearing had already expired. We conclude the court did not err in canceling a hearing set by the court after the time had already passed for the parties to request a hearing. Craft's argument that he could rely on the notice of hearing issued by the court to forego initiating his own request or submitting additional exhibits is without merit because the time for him to submit materials and request a hearing had expired before the notice was issued. This case does not require us to consider whether a party may rely on the court's issuance of a notice of hearing before the expiration of the time for the parties to request a hearing. *See State v. Craig*, 2019 ND 123, ¶ 7, 927 N.W.2d 99.

V

[¶17] Craft also raises a challenge to the district court's order granting summary judgment. This Court's standard for reviewing summary judgment is well-established:

> Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*Borsheim Builders Supply, Inc. v. Manger Ins., Inc.*, 2018 ND 218, ¶ 7, 917 N.W.2d 504 (quoting *Forsman v. Blues, Brews & Bar-B-Ques, Inc.*, 2017 ND 266, ¶ 9, 903 N.W.2d 524). Craft argues the district court erred when it granted the motion for summary judgment because Bravera moved for summary judgment on the basis of the cross-collateralization clause of Note 9077 and not Note 2203.

[¶18] A party opposing a motion for summary judgment cannot simply rely on the pleadings or unsupported conclusory allegations. *Miller v. Nodak Ins. Co.*, 2023 ND 37, ¶ 12, 987 N.W.2d 369. "Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact." *Id.* (quoting *N. Star Mut. Ins. v. Ackerman*, 2020 ND 73, ¶ 6, 940 N.W.2d 857).

[¶19] Bravera moved for summary judgment on the basis that Note 9077 was in default due to failure to pay property taxes when due, failure to make other payments to the bank, including defaulting on Note 2203, that Craft had become insolvent, and several foreclosure actions had commenced against him.

Craft's sole argument opposing the summary judgment was that Note 9077 payments were current.

[¶20] The district court granted summary judgment on January 9, 2023:

> It is uncontested that Note 9077 and Mortgage 9077 exist, and Michael R. Craft has not contested any of the terms of the note and mortgage. Nor does Michael R. Craft contest that the mortgage securing Note 2203 contains a cross collateralization clause, or the amounts due under Note 2203. Michael R. Craft's sole contention is that he is current on payments for Note 9077.

[¶21] The basis for finding in favor of Bravera was Craft's failure to produce an argument or evidence contesting any material facts presented by Bravera other than full payment. "Defendant, Michael R. Craft's, sole argument in opposition to summary judgment is that the payments for Note 9077 are current." We conclude the court correctly determined Craft was in default on Note 2203.

VI

[¶22] Additionally, Craft argues there was no evidence to support the finding of summary judgment on the basis of Note 2203 because the note itself was never filed with the district court, nor did the parties discuss it, and thus, there is no evidence for the court to support the conclusion Note 2203 contained a cross-collateralization clause. Although Note 2203 was not filed, there was substantial confirmation of the existence, and contents of Note 2203 throughout the record. It is first described in the complaint and Craft subsequently acknowledges its existence in his answer. Bravera again addresses Note 2203 within its motion for summary judgment and provided an affidavit of the loan officer in support of this motion, indicating Craft was in default under the terms of Note 2203. Additionally, Bravera, as part of its motion for summary judgment, provided a copy of the mortgage for the property associated with Note 2203, which contains a cross-collateralization clause.

[¶23] There was substantial evidence of Note 2203, including Craft's own admission to its existence and the terms within. Even with the lack of filing of Note 2203, Craft never raised this as an issue, noted its lack of filing to the district court, disputed the terms contained, or challenged whether he was in default under its terms. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. From our review of the record, we conclude the court did not err.

VII

[¶24] Craft further argues the district court erred in granting Bravera's motion for summary judgment based on a cross-collateralization clause, which courts disfavor. Craft raises this challenge for the first time on appeal. It is well-settled that issues not raised in the district court may not be raised for the first time on appeal.

[¶25] "The purpose of an appeal is to review the actions of the trial court, not to grant the appellant an opportunity to develop and expound upon new strategies or theories." *Viscito v. Christianson*, 2015 ND 97, ¶ 13, 862 N.W.2d 777 (quoting *Paulson v. Paulson*, 2011 ND 159, ¶ 9, 801 N.W.2d 746). Additionally, "issues or contentions not raised in the district court cannot be raised for the first time on appeal." *Id.* (quoting *Paulson*, at ¶ 9). Further, the party opposing summary judgment must "explain the connection between the factual assertions and the legal theories in the case, and cannot leave to the court the chore of divining what facts are relevant or why facts are relevant, let alone material, to the claim for relief." *Spratt v. MDU Res. Grp., Inc.*, 2011 ND 94, ¶ 7, 797 N.W.2d 328 (quoting *Tarnavsky v. Rankin*, 2009 ND 149, ¶ 8, 771 N.W.2d 578).

[¶26] Craft's response to the motion for summary judgment only asserted summary judgment should be denied as Note 9077 is current. As we have previously noted, under N.D.R.Civ.P. 56:

> [I]f the movant meets its initial burden of showing the absence of a genuine issue of material fact, the opposing party may not rest

8

on mere allegations or denials in the pleadings, but must present competent admissible evidence by affidavit or other comparable means to show the existence of a genuine issue of material fact.

*Alerus Fin., N.A. v. Erwin*, 2018 ND 119, ¶ 17, 911 N.W.2d 296 (quoting *Citizens State Bank-Midwest v. Symington*, 2010 ND 56, ¶ 18, 780 N.W.2d 676).

[¶27] Because Craft did not argue to the district court that cross-collateralization clauses are disfavored and should be found unenforceable or otherwise raise a genuine issue of material fact, we decline to address the issue for the first time on appeal.

## VIII

[¶28] The district court did not err in ruling on a fully submitted motion for summary judgment even though other motions filed subsequently were still pending. It did not err in failing to provide an explanation of why motions rendered moot by the summary judgment were denied, and did not err in the granting of the motion for summary judgment. We affirm.

[¶29] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr