# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 156

John F. Fiebiger,                                        Plaintiff and Appellant

v.

Bill (William) Anderson, Chairman,
Montpelier Township,                             Defendant and Appellee

## No. 20240129

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Nicholas Thornton, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

John F. Fiebiger, self-represented, Montpelier, ND, plaintiff and appellant; submitted on brief.

Corey J. Quinton, Fargo, ND, and Jenna R. Bergman, Minneapolis, MN, for defendant and appellee; submitted on brief.

**Crothers, Justice.**

[¶1]    John Fiebiger appeals from a district court order granting summary judgment in favor of Bill Anderson and Montpelier Township. Fiebiger argues the district court erred in granting summary judgment because his claims were not time barred by the statute of limitations. We affirm.

I

[¶2]    The record shows that in Montpelier Township, Stutsman County, a road exists on the edge of the southeast quarter of section 6, township 137, range 63. This road has a culvert through it that allegedly has caused problems downstream on Fiebiger's land located in sections 20 and 29 of township 137, range 63. The culvert was first positioned in the road between 1968 and 1972. The culvert caused little to no problems over its lifetime, but in 2004 Fiebiger noticed flooding occurred on his property.

[¶3]    In 2018, Fiebiger's upstream neighbor worked in the ditch where the culvert was located and damaged the culvert. The Township replaced the existing culvert on August 20, 2020, with one the same size. In an affidavit, Anderson stated the new culvert was "identical" to the original culvert. Fiebiger noticed flooding in 2019, 2021 and 2022. He did not notice flooding in 2020.

[¶4]    On June 6, 2023, Fiebiger sued Anderson and the Township for negligence and inverse condemnation. His claim of negligence is based on the Township's inaction over concerns of dammed water and his 2018 request to increase the flow of the dammed water. The inverse condemnation claim is based on the August 2020 installation of a culvert that allegedly caused flooding in 2021 and 2022. He also claims inverse condemnation from flooding in 2019.

[¶5]    On December 29, 2023, the Township moved for summary judgment. On March 6, 2024, after months of filings, the district court granted summary judgment and concluded Fiebiger failed to file his negligence claim within the statute of limitations. The court also determined Fiebiger's inverse condemnation claims were filed outside the statute of limitations because his land initially flooded in 2004 and the time for him to assert a claim

1

would have expired in 2010. The court did not make any determinations on the Township's other grounds for summary judgment. Fiebiger timely appealed.

II

[¶6]    The standard of review for summary judgment is well established:

> "Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record."

*Borsheim Builder Supply, Inc. v. Manger Ins., Inc.*, 2018 ND 218, ¶ 7, 917 N.W.2d 504 (citing *Forsman v. Blues, Brews & Bar-B-Ques, Inc.*, 2017 ND 266, ¶ 9, 903 N.W.2d 524).

[¶7]    "The party seeking summary judgment has the initial burden of showing that the material facts or inferences to be drawn from the facts are undisputed and that the movant is entitled to judgment as a matter of law." *McColl Farms, LLC v. Pflaum*, 2013 ND 169, ¶ 28, 837 N.W.2d 359. Here, the defendants' motion for summary judgment established a prima facie case that Fiebiger's claims were not timely made.

[¶8]    When the moving party's burden is met, as it was here, the party opposing summary judgment cannot rely on "pleadings or unsupported conclusory allegations," but instead must "present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact." *Miller v. Nodak Ins. Co.*, 2023 ND 37, ¶ 12, 987 N.W.2d 369 (citing *N. Star Mut. Ins. v. Ackerman*, 2020 ND 73, ¶ 6, 940 N.W.2d 857); *Bravera Bank v. Craft*, 2023 ND 214, ¶ 18, 997 N.W.2d 829; *see also First Nat'l Bank of Hettinger v. Clark*, 332 N.W.2d 264, 267-68 (N.D. 1983) (conclusory

statements in briefs opposing summary judgment cannot be viewed as evidence that establishes or supports a factual issue). "The party opposing summary judgment must also explain the connection between the factual assertions and the legal theories in the case, and cannot leave to the court the chore of divining what facts are relevant or why facts are relevant, let alone material, to the claim for relief." *Spratt v. MDU Res. Grp., Inc.*, 2011 ND 94, ¶ 7, 797 N.W.2d 328 (cleaned up).

[¶9] Fiebiger argues he filed his 2019, 2021 and 2022 inverse condemnation claims within the statute of limitations, which would not allow summary judgment. Fiebiger also argues he brought his negligence claim within the statute of limitations. In responding to the defendants' motion for summary judgment, he could not simply rely on "pleadings or unsupported conclusory allegations," but instead was required to "present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact." *Miller*, 2023 ND 37, ¶ 12 (citing *N. Star Mut. Ins.*, 2020 ND 73, ¶ 6); *Bravera Bank*, 2023 ND 214, ¶ 18.

[¶10] "Competent admissible evidence" necessary to resist a motion for summary judgment refers to evidence that is legally admissible and relevant to the contested issues. *McColl Farms,* 2013 ND 169, ¶ 30 ("Rule 56(e)(1), N.D.R.Civ.P., requires that affidavits supporting or opposing a motion for summary judgment "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."). The evidence must be submitted "by affidavit or other comparable means which raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record by setting out the page and line in depositions or other comparable documents containing testimony or evidence raising an issue of material fact." *Perius v. Nodak Mut. Ins. Co.*, 2010 ND 80, ¶ 9, 782 N.W.2d 355 (cleaned up). The evidence cannot include hearsay unless the hearsay falls within an accepted exception. *McColl Farms,* at ¶ 30. "When no pertinent evidence on an essential element is presented to the district court in opposition to a motion for summary judgment, it is presumed no such evidence exists." *Schmitt v. MeritCare Health Sys.*, 2013 ND 136, ¶ 8, 834 N.W.2d 627.

[¶11] Fiebiger failed to supply the district court with an affidavit or admissible evidence supporting his claims against the Township. He instead directed the district court to his complaint. His complaint contains four pages of allegations and 104 pages of documents

and legal decisions. Fiebiger's complaint includes minutes from the Township's meetings, minutes from the Stutsman County Water Resource Board's meetings, memoranda from the State Engineer, a hydraulic study from Interstate Engineering, a statement from a neighbor supporting Senate Bill 2324 (*Hearing on S.B. 2324 Before the Political Subdivisions Comm.*, 67th N.D. Legis. Sess. (Feb. 12, 2021) (testimony of Sue Backer)), a stream crossing determination from the Department of Water Resources, and other correspondence from Fiebiger. Neither the complaint itself nor the incomplete or unauthenticated documents attached to the complaint meet the competent evidence standard. Therefore, Fiebiger's bare reliance on his complaint and attachments was not sufficient under our summary judgment standard and the district court did not err by granting summary judgment in favor of the defendants. *Miller*, 2023 ND 37, ¶ 12; *Spratt*, 2011 ND 94, ¶ 7; *McColl Farms*, 2013 ND 169, ¶ 32 (court properly refused to consider documents for which attorney's affidavit could not provide authentication).

## III

[¶12]   The district court did not err in granting summary judgment because Fiebiger relied on his complaint and did not provide additional affidavits, evidence, or testimony that raised an issue of material fact. We affirm.

[¶13]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr

4